## STEWART v. LABEREE.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1911.)

No. 1,874.

1. PAYMENT (§ 17*)—ACCEPTANCE OF DEBTOR'S NOTE.

In the absence of an agreement between the parties that notes given by a debtor are received as payment of the debt, the common-law rule prevails in the federal courts that the original demand is not paid or extinguished by the note.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 70–77; Dec. Dig. § 17.*]

2. RECEIVERS (§ 207*)—TITLE TO AND POSSESSION OF PROPERTY—PROPERTY OUTSIDE OF TERRITORIAL JURISDICTION.

A court may control by its receivership property beyond its territorial jurisdiction, when it has jurisdiction of the parties, and may restrain them from interfering with the receiver's possession of such property.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 207.*]

3. RECEIVERS (§ 207*)—ACTION BY RECEIVER—DEFENSES—ATTEMPTED SETTLEMENT BY CORPORATION AFTER RECEIVERSHIP.

Plaintiff was appointed by a court in Alaska receiver for a railroad company and a construction company which was owned by the railroad company, and the order required the officers of the companies to turn over to the receiver all of their property including bills, notes, accounts, and books. Both corporations were organized under the laws of Washington, but their business and property were in Alaska. Defendant had been treasurer of the construction company, located in Alaska, and his entry in the books showed that on settlement he was indebted to the company to the amount of about $22,000, to recover which plaintiff brought suit. For answer defendant pleaded that he had given his notes for the amount which had been paid and canceled and on the trial introduced notes for the amounts signed by him and payable to the company, which were marked "canceled" on a date several months after the receivership, and minutes of a meeting of the board of trustees held in Seattle still later, showing the passage of a resolution reciting and approving a settlement of the notes by the managing agent of the company for the sum of $6,000. There was no evidence other than such resolution to show that the notes were ever delivered to the corporation or any authority of the manager to make the settlement. Held, on such facts, that the settlement, if made, was in violation of the rights of the railroad company and its creditors and of the order of the Alaska court appointing the receivers in the suit to which both the corporations and the officer making the settlement were parties, and which required them, if the notes were in their possession, to turn the same over to the receivers; that the finding of the trial court that the alleged settlement was fraudulent and void and constituted no defense was warranted by the evidence.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 207.*

Actions by and against receivers of federal courts, see note to J. I. Case Plow Works v. Finks, 26 C. C. A. 49.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Third Division of the Territory of Alaska.

Action at law by O. G. Laberee, receiver of the Alaska Central Railway Company and of the Tanana Railway Construction Company, against F. H. Stewart. Judgment for plaintiff, and defendant brings error. Affirmed.

The Tanana Railway Construction Company and the Alaska Central Railway Company, hereinafter called the "Construction Company" and the "Railway Company," were corporations organized under the laws of the state of Washington for the purpose of doing business in Alaska, and all the assets, property, money, and credits of the former belonged to the latter. The plaintiff in error was assistant treasurer and treasurer for both the corporations at Seward, Alaska, from February 1, 1905, to January 1, 1908. On the adjustment of his accounts with the Construction Company, his indebtedness to that company was entered by him on its books as follows: "September 10, 1907, F. H. Stewart Adjustment Acct. No. 2, amount, $11,188.25; October 31, 1907, F. H. Stewart, Adjustment Acct. No. 1, amount, $11,608.34." On January 1, 1908, the plaintiff in error quit the employment of the said corporations at Seward, Alaska. On October 23, 1908, the defendant in error was appointed by the district court of the territory of Alaska, Third division, in the case of the Trusts & Guarantee Company, Limited, v. Alaska Central Railway Company, Tanana Railway Construction Company et al., one of the receivers of all assets of both said corporations in Alaska; both corporations having entered a general appearance in said suit, and both being represented in open court at the time when the order was made. By the order both corporations, their directors, agents, and employés were required and commanded to turn over and deliver to the receivers all books of account, vouchers, papers, deeds, leases, contracts, bills, notes, accounts, money, or other property in their hands or under their control belonging to said corporations, and the receivers were authorized to prosecute all necessary suits for the protection of the property and the trust so vested in them. The defendant in error brought an action against the plaintiff in error in the court below to recover a judgment for the amounts so entered by the defendant in error as due and owing from him on the books of the Tanana Railway Construction Company, with legal interest thereon from the dates of the entries, alleging that those entries represented the amounts of money belonging to said corporation received by the said plaintiff in error as its treasurer for which he had failed to account.

The plaintiff in error answered, setting up as his sole defense that he had given his promissory notes to the Construction Company for said sums, and before the commencement of the action the said notes had been fully paid, satisfied, and canceled. On this issue the cause was tried before the court without a jury, by the agreement of the parties. The plaintiff in error introduced in evidence two nonnegotiable promissory notes bearing his signature as maker, payable on demand to the Construction Company, for the respective amounts for which the action was brought, each bearing the caption Montreal, December 21, 1907, and on each had been written, "Canceled March 1, '09," also the minutes of a meeting of the board of trustees of the Construction Company, held at Seattle, Wash., on April 3, 1909, showing the adoption of a resolution reciting that the notes of the plaintiff in error had been given to the corporation, and that the same had "been canceled and delivered up to the plaintiff in error by A. C. Frost, on payment of $6,000 in full settlement and payment of said indebtedness, and said Frost has expended said $6,000, for and on behalf of said Tanana Railway Construction Company, in looking after and protecting said company's interest," and ratifying the said settlement. On the pleadings and the evidence the court, among other findings of fact, found that no part of the indebtedness had been paid, and thereupon judgment was entered for the full amount sued for, with interest at 8 per cent. per annum from December 31, 1907.

Fernand De Journel, Brown & Lyons, and T. C. West, for plaintiff in error.

Edmund Smith, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HANFORD, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). The writ of error presents the question of law whether, upon the facts proven under the issues, it is shown that the indebtedness of the plaintiff in error to the Construction Company had been paid or satisfied. There is no evidence of an agreement between the parties that the notes were received as payment of the debt. In the absence of such an agreement, the common-law rule prevails in nearly all of the states and is adopted in the federal courts that the original demand is not paid or extinguished by the note. Peter v. Beverly, 10 Pet. 532, 9 L. Ed. 522; U. S. Bank v. Daniel, 12 Pet. 32, 9 L. Ed. 989; Lyman v. Bank of the United States, 12 How. 225, 13 L. Ed. 965; Downey v. Hicks, 14 How. 240, 14 L. Ed. 404; Atlas S. S. Co. v. Columbian Land Co., 102 Fed. 358, 42 C. C. A. 398. Nor is there any evidence other than the recital in said resolution of the trustees that the notes which were produced in evidence were ever delivered to the Construction Company. They purport to have been executed at Montreal; but it is evident that the maker could not have been at Montreal, Canada, at the time of their execution. The bill of exceptions describes Frost as the president of the Railway Company, and managing agent of the Construction Company on March 25, 1909, and we may assume that he bore such relations to both corporations at the time when the notes were marked canceled. But there is no evidence that he was authorized to act for or represent either corporation in compromising the debt of the plaintiff in error, or in receiving accord and satisfaction thereof. Evidently the books of the Construction Company contain no entry that notes had been given for the indebtedness of the plaintiff in error, for otherwise the action would probably not have been brought as it was upon the original entries. There is no evidence other than the recital in said minutes of the board of trustees that $6,000, or any sum, was ever paid by the plaintiff in error in satisfaction of the notes. At the time of the meeting of the board of trustees of the Construction Company, at which they appear to have ratified the alleged settlement between Frost and the plaintiff in error, the trustees had no authority to adjust said account or to receive or acknowledge receipt of money in settlement of the same. All of the assets of both corporations had been placed by the order of the court in the hands of the receiver, and, although the Construction Company was a corporation organized under the laws of Washington, all of its business was transacted in Alaska, and all its property was there, and it all belonged to the Railway Company for which it was but an agent, as the trustees of the Construction Company well knew, and as the plaintiff in error admits. It was an act done in violation of the rights of the Railway Company and the rights of its creditors as well as in violation of the order of the court appointing receivers

and of the injunction therein contained. The two corporations and Frost were parties to the suit in which the receiver was appointed and were bound by the order so made.

The plaintiff in error cites authorities to the proposition that the appointment of a receiver does not in itself convey title to personalty or choses in action located outside of the court's jurisdiction, and that therefore the obligation of the plaintiff in error could lawfully be paid to the Construction Company at Seattle. Those authorities are not pertinent here, for the doctrine to which they are applicable is not involved. There is no question here of the power of a corporation to dispose of its property located outside of the district in which the receiver was appointed or of the right of a creditor to subject such assets to the satisfaction of his claim. By the order appointing the receiver, he was given the right of possession of all the assets of the Construction Company and the Railway Company, including the book accounts, notes, and debts due those corporations. The debt on which the present action was brought was a debt incurred in Alaska. There is nothing to show that notes had been given for that debt at the time when the receiver was appointed except the minutes of the meeting of the trustees held long afterward and the fact that notes were produced in evidence which bore the date of December 21, 1907, and there is nothing to show that, if the notes were outstanding when the receiver was appointed, they were not in Alaska. But, whether or not the receiver obtained the possession of the notes by the order of his appointment, the officers of the Construction Company, being represented in court at the time when the order was made, were thereby obligated to surrender the notes to the receiver. The Construction Company was amenable to the orders of the court. The order amounted to an injunction to all parties within the jurisdiction of the court against dealing with the property mentioned in the order in any way to impede the receiver in administering the same. A court may control by its receivership property beyond its territorial jurisdiction when it has jurisdiction of the parties, and it may restrain them from interfering with the receiver's possession of such property. 34 Cyc. 214; Chesapeake & O. Ry. Co. v. Swayze, 60 N. J. Eq. 417, 47 Atl. 28; Vermont & Canada R. R. Co. v. Vermont Central R. R. Co., 46 Vt. 792; Sercomb v. Catlin, 128 Ill. 556, 21 N. E. 606, 15 Am. St. Rep. 147; Chafee v. Quidnick Co., 13 R. I. 442; Schindelholz v. Cullum, 55 Fed. 885, 5 C. C. A. 293.

The plaintiff in error contends that the court below erred in finding the settlement void on the ground of fraud and collusion between the parties who made it, for the reason that no such ground for impeaching it had been pleaded by the defendant in error. But there was no opportunity to plead such fraud and collusion, nor was there necessity therefor. The action was brought upon the indebtedness as it appeared upon the books of the Construction Company. The plaintiff in error answered alleging, not that there had been accord and satisfaction, but that notes had been given for the debt, and that the notes had been paid and canceled. It was proper to show, as the defendant in error did from the minutes of the board of trustees, not

only that the execution and cancellation of the notes were fraudulent and collusive, but that the whole transaction was prohibited.

The judgment is affirmed.