FULTON NATIONAL BANK OF ATLANTA *v.* HOZIER[1] INTERVENER; AND SMITH, ET AL., AS RECEIVERS OF IMBRIE & COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 260.   Submitted January 27, 1925.—Decided March 2, 1925.

1. A controversy is not dependent or ancillary unless it has direct relation to property or assets drawn into the court's possession or control by the principal suit.   P. 280.
2. Jurisdiction over a suit to administer the assets of an insolvent firm of stockbrokers does not empower the District Court to entertain as dependent or ancillary a controversy between a customer of the firm and a national bank (citizens of the same state), over money paid the firm by the customer to buy stocks and deposited by the firm in the bank, and which the bank has set off against notes owing it by the firm, but which the customer claims as equitably his, free from the firm's obligations.   *Id.*

295 Fed. 611 reversed.

CERTIORARI to a decree of the Circuit Court of Appeals affirming a judgment of the District Court which decreed that its receivers recover from the petitioner Bank the amount of a claim made by the respondent Hozier, as intervener, and pay it to the intervener or his counsel. See also 287 Fed. 158.

*Mr. Marion Smith, Mr. John D. Little, Mr. Arthur G. Powell* and *Mr. Max F. Goldstein* for petitioner.

The controversy between Hozier and the bank over the chose in action was not a controversy over property drawn into the custody of the court in the main bill, and was not, therefore, a dependent controversy or within the jurisdiction of the federal court. *Union Electric Co.* v. *La. Electric Co.,* 68 Fed. 673; *Forest Oil Co.* v. *Crawford,* 101

---

[1] The name of the intervener appears in the record as Hozier, Hosier and Hoosier. The first version is adopted here as the correct one, following his petition in intervention and his counsel's brief.

Fed. 849; *Newton* v. *Gage,* 155 Fed. 598; *Venner* v. *Pa. Steel Co.,* 250 Fed. 290; *Mass. Loan & Trust Co.* v. *Kansas City R. Co.,* 101 Fed. 30; *Continental Co.* v. *Alice Chalmers Co.,* 200 Fed. 601.

The result of the controversy would not affect the aggregate amount of the receivers' obligations, because the extent to which Hozier's claim was reduced, if he recovered from the bank, would automatically increase the amount of the bank's claim. A mere remote interest of this kind in the receivers is not sufficient to abrogate the rule that an intervention *pro interesse suo* is not a " dependent controversy " unless it relates to property drawn into the constructive custody of the court by the main bill. *Carey* v. *McMillan,* 289 Fed. 380.

*Mr. Arthur Heyman* for respondents. *Mr. Albert Howell Jr.* and *Mr. Hugh M. Dorsey* were also on the brief.

The court had jurisdiction of the Hozier intervention and to make Fulton National Bank a party.

The District Court for the Northern District of Georgia assumed charge of the Atlanta agency of Imbrie & Company, appointed receivers, and gathered into its custody and possession all of the assets of that company in this jurisdiction. Hozier had a claim against the Atlanta agency. He was by the terms of the order appointing receivers enjoined from taking any independent steps to prosecute his rights against that agency, and necessarily would be without remedy unless allowed by the court to intervene in the cause in which the court had gathered to itself all of the assets. Hozier having the right to intervene, it would seem clear under the authorities that the court was authorized to bring into the proceedings all parties whose presence would be necessary or proper to a complete adjudication of the issues involved. *White* v. *Ewing,* 159 U. S. 36; *Porter* v. *Sabin,* 149 U. S. 473;

*Bottom* v. *National Association,* 123 Fed. 744; *Peck* v. *Elliott,* 79 Fed. 10; *Ross-Meehan Co.* v. *Iron Co.* 72 Fed. 957; *Hollander* v. *Heaslip,* 222 Fed. 808; *Hume* v. *New York,* 255 Fed. 488; *Pell* v. *McCabe,* 256 Fed. 512; *Gas & Electric Co.* v. *Manhattan Co.* 266 Fed. 625; *Equity Rule* No. 37; *Rhinehart* v. *Victor Co.* 261 Fed. 646; *Simkins Federal Equity Suit,* p.p. 467, 482; *Consolidated Gas Co.* v. *Newton,* 256 Fed. 238; *Cincinnati Co.* v. *Indianapolis Co.* 279 Fed. 356; *Rocca* v. *Thompson,* 223 U. S. 317; *Caldwell* v. *Taggart,* 4 Pet. 190.

See also the discussion on the question of jurisdiction in the case at bar by the courts below.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

This cause arises from an intervention petition filed by respondent Hozier in a proceeding to administer the assets of Imbrie & Company, a partnership, pending in the United States District Court, Northern District of Georgia. The following statement from the opinion of that court (287 Fed. 158, 159) sufficiently indicates the material issues—

"On March 3rd, 1921, in the District Court of the United States for the Southern District of New York, was filed a creditors bill against Imbrie & Company, stock and bond dealers and brokers, citizens of New York, New Jersey and Massachusetts, whose principal place of business was New York. Receivers were appointed. On the same day, in the Superior Court of Fulton County, Georgia, other creditors, citizens of Georgia, sought and obtained a receiver for assets of Imbrie & Company in Georgia connected with a branch office operated in Atlanta. On March 7th, 1921, the New York receivers, by direction of the New York court, applied for ancillary receivership in this court and were, with the State Court receiver, made such ancillary receivers. On March 8th,

Imbrie & Company removed to this Court the case in the Fulton Superior Court. The two proceedings were then consolidated by consent, and numerous interventions have been allowed in this Court, among them that of I. S. Hozier. His claim, in brief, is that he gave Imbrie & Company in Atlanta, on February 21st, 1921, a check for $2656.13, to be used as his brokers in buying certain stocks; that Imbrie & Company deposited it to their credit in Fulton National Bank on February 23rd; that the proceeds of its collection were still to the credit of Imbrie & Company at said bank, though in equity belonging to Hozier, when the firm failed without having bought the stock, whereupon Fulton National Bank on March 3rd, offset certain notes it held against Imbrie & Company against the deposit, absorbing it. Hozier prays that the bank be made a party and be required to pay the $2656.13 to the receivers or to him. By an amendment he asks also a judgment against the estate in the receivers' hands, with a first lien or otherwise, if the bank could not be required to repay the money to them for him. This intervention was allowed, the bank was made a party and the issues made by answers to the intervention referred to a Master. Exceptions to his report raise three principal questions: First, has this Court, as a Federal Court, jurisdiction of this controversy; second, should it pass upon it or remand the parties to the primary jurisdiction in New York; third, on the merits has the bank the right to make the setoff as against Hozier."

The trial court held that it had jurisdiction to entertain the intervention petition as a dependent controversy, and decreed—" That the receivers in the above stated consolidated cause recover from the Fulton National Bank of Atlanta the principal sum of twenty-six hundred fifty-six and 13/100 dollars ($2656.13), together with interest at the rate of seven per cent. (7%), per annum from the date of this judgment, and upon the recovery of same, that

said receivers pay said amount to I. S. Hozier, intervener, or his counsel of record."

The Circuit Court of Appeals affirmed this judgment. The cause is here by certiorari. It is insisted that the trial court erred, (1) in assuming jurisdiction of the intervention petition, and (2) in holding the bank liable for the amount of the deposited check.

We are of opinion that in no proper sense was the petition dependent or ancillary to the cause instituted for the purpose of administering the assets of Imbrie & Company. Consequently, the trial court could not entertain it.

The general rule is that when a federal court has properly acquired jurisdiction over a cause it may entertain, by intervention, dependent or ancillary controversies; but no controversy can be regarded as dependent or ancillary unless it has direct relation to property or assets actually or constructively drawn into the court's possession or control by the principal suit. *Hoffman* v. *McClellan*, 264 U. S. 552, 558, and authorities there cited. And see Simkins' Federal Practice, pp. 740, 741. All parties seem to recognize this doctrine; they differ concerning its application to the facts presented by the present record.

The proceeding under consideration cannot properly be called a suit by a receiver, on authority of the appointing court, to collect assets or to defend property rights. It was begun to recover property, claimed by a customer of the insolvent firm, which had passed into the hands of a third person.

Hozier might have proceeded against the bank by an original proceeding and demanded adjudication of his claim to the alleged trust fund—pursued thus something which he insisted belonged to him and was unjustly withheld by the bank. This course was successfully taken in *Union Stock Yards Bank* v. *Gillespie*, 137 U. S. 411.

As between Imbrie & Company, or the receivers appointed to administer their assets, and the bank, the

latter had the superior claim to the deposit or credit here
involved—whether it could be required to account to the
customer as for his money was a question between them.
*Bank of Metropolis* v. *New England Bank,* 1 How. 234,
6 How. 212; *Wilson & Co.* v. *Smith,* 3 How. 763; *National
Bank* v. *Insurance Co.,* 104 U. S. 54; *Union Stock Yards
Bank* v. *Gillespie, supra.* There were no funds in the
receivers' possession and none subject to their demand as
to which Hozier asserted any right—his claim was against
something in the bank's possession and beyond the re-
ceivers' reach. His petition sought to compel them to
litigate with the bank for his sole interest and without
possibility of benefit to the estate. As shown by the de-
cree quoted above, the expected fruit of the litigation was
for petitioner alone. He had no right to bring the bank,
which for jurisdictional purposes was to be deemed a citi-
zen of Georgia (Jud. Code, § 24, Subdiv. 16), into the
Federal court or to interfere with the affairs of the estate
by injecting this controversy concerning which the re-
ceivers had no material interest—wherein the estate might
lose much but could gain nothing.

The decree is reversed. The cause will be remanded
to the District Court. The costs in all the courts will be
taxed against the intervener—respondent here.

*Reversed.*