### In re GOLL et al.
### In re M. LEVY'S SONS.

(District Court, S. D. New York. August 6, 1925.)

Banks and banking ⚖️134(5)—Bank, without knowledge of third person's interest in deposit, may apply it to individual debt of depositor.

Bank, in which funds in which third persons have interest are deposited in individual name of depositor, having neither actual notice nor notice of facts sufficient to put it on inquiry as to true character of deposit, may apply it to payment of individual debt of depositor to bank, whether it made advances or otherwise changed its position on faith thereof.

In Bankruptcy. In the matter of Leonard N. Goll and others, individually and as copartners composing the firm of M. Levy's Sons, bankrupts. On motion to confirm report of special master. Report confirmed.

The amended report of Special Master E. Henry Lacombe, is as follows:

"On January 28, 1921, the undersigned was, by order of Judge Mayer, appointed special master 'to take testimony upon all matters that may arise and be presented to him pursuant to the various agreements between the receiver and certain parties * * * and to report to the court in respect thereof with his recommendations.' Various other matters have from time to time been presented to the special master and by him reported upon. This apparently is the last of such matters.

"The Standard Bank of South Africa (hereinafter called the 'Bank'), on August 23, 1920, delivered to the bankrupts, the documents representing title to 3,000 bags of coffee, in exchange for a 'trust receipt,' a document the character and effect of which has been much discussed in the courts. The bankrupts sold 500 bags to the Smith Company, receiving therefor a check for $5,000, which sum, together with other items, the whole amounting to $20,548.36, the bankrupts deposited to the credit of its account with the Guaranty Trust Company, (hereinafter called the 'Trust Company') on September 9, 1920. The history of that deposit account shows that on September 27, 1920, the date on which a receiver in bankruptcy was appointed, under a petition that day filed, the balance remaining was $9,978.36.

"The Trust Company was at that time a very large creditor of the bankrupt firm for moneys advanced to pay letters of credit for imports of coffee. On September 15, 1920, the Trust Company declined to honor a check of the bankrupt for $5,065.50. It offset against its liability to the bankrupts under the general deposit account so much of its claim against bankrupt as wiped out the balance.

"The question presented here is: Was the Trust Company legally entitled to offset its claim against the proceeds of the Smith check for $5,000, or was the Bank entitled to collect that money from the Trust Company?

"Most of the facts are stipulated; there is no dispute about them. The Trust Company concedes that the $5,000 has been traced into this balance, and that the bank retains its rights in the proceeds of trust receipt property, where they are found in

the hands of a third party undisposed of. Analysis of the account shows that subsequent drafts upon it depleted the trust fund, and the Standard Bank conceded that the maximum amount remaining undisposed of is $2,338.53. This amount is based on the view that subsequent deposits restore a mingled and depleted trust fund; whereas the Trust Company contends that in the federal courts there can be no such restoration. I find that the total balance of said trust fund remaining, and therefore the maximum recovery of the Standard Bank, cannot exceed the sum of $2,111.19. It further concedes that the banker's right over a general deposit is not in strict essence a common-law lien, since a deposit is a mere debt, and there cannot be a 'lien' against the property of the lienor. These concessions eliminate much of the elaborate discussions found in the briefs. Practically the sole question in the case is whether the Bank can offset the amount of this check against its claim against the bankrupts, without affirmative proof that it has given some present consideration or credit for the deposit thereof, other than the mere credit upon the general account of the debtor.

"There are very many decisions, by no means harmonious, bearing upon this question; the briefs apparently contain nearly all of them. The present condition of federal authority on the point is such that the special master has concluded that it would be a waste of time for him to undertake to write a monograph on the subject.

"In Central National Bank v. Conn. Mutual Life Ins. Co., 104 U. S. 54, 26 L. Ed. 693, the court says: 'Ordinarily it [the lien or right to offset] attaches in favor of the bank upon the securities and moneys of the customer deposited in the usual course of business, for advances which are supposed to be made upon their credit. It attaches to such securities and funds, not only against the depositor, but against the unknown equities of all others in interest.'

"In Fulton Bank of Atlanta v. Hosier, Receiver of Imbrie & Company, 295 F. 611 (C. C. A. Fifth, Dec. 13, 1923), it was held that the decision in Central National Bank v. Mutual Life Ins. Co. could not be construed as overruling the earlier decisions of the Supreme Court in Bank of the Metropolis v. New England Bank, 1 How. 234, 11 L. Ed. 115, and 6 How. 313, 12 L. Ed. 409, and Wilson v. Smith, 3 How. 763, 11 L. Ed. 820.

"The facts in the Fulton Bank Case are so nearly identical with the one here presented that, if this were all, the special master would find it controlling, and hold that there was no right of offset here. But in the Fulton Bank Case application was made for a certiorari and the application was granted. Presumably it will be heard and determined next fall. It must be presumed that the Supreme Court entertained some doubt as to whether the conclusion reached in the Fulton Bank Case, is correct; otherwise, it would not have issued the certiorari. There can be little doubt that, when that case is heard and decided by the Supreme Court, the decision will control the disposition of the controversy here presented.

"There seems to be no good reason why, in the interim, the disposition of this controversy should remain in its preliminary stages before the special master. Therefore he respectfully 'recommends,' as he was instructed to do, that the District Court deny the application of the Bank, or hold it under advisement until the decision of the Supreme Court in the Fulton Bank Case, which, in view of the substantial identity of its facts with those here conceded, will settle the law of this controversy."

Appleton, Butler & Rice, of New York City (Edwin T. Rice, of New York City, of counsel), for Standard Bank of South Africa.

Matthew T. Murray, Jr., of New York City (William G. McLoughlin, of New York City, of counsel), for Guaranty Trust Co.

BONDY, District Judge. Judge Lacombe, as special master, in his amended report recommended that the District Court deny the application of the Bank, or hold it under advisement until the decision of the Supreme Court in the Fulton Bank Case (see Beaver Boards Co. v. Imbrie & Co. [D. C.] 287 F. 158), which, in view of the substantial identity of its facts with those here conceded, will settle the law of this controversy. The Supreme Court, on March 2, 1925, reversed the decision in that case, but only on the ground that the court did not have jurisdiction. 267 U. S. 276, 45 S. Ct. 261, 69 L. Ed. 609.

Although there is a conflict, the weight of authority is to the effect that, if funds in which third persons have an interest are deposited in the individual name of the depositor in a bank which has neither actual notice nor notice of facts sufficient to put it on inquiry as to the true character of the deposit, it may apply the deposit to the payment of the individual debt of the depositor to the bank, and may do so whether or not it made any advances or otherwise changed its position on the faith of such de-

posit. Central National Bank v. Conn. Mutual Insurance Co., 104 U. S. 54, 71, 26 L. Ed. 693; Bank of Metropolis v. New England Bank, 47 U. S. (6 How.) 212, 12 L. Ed. 409; Union Stockyards Nat. Bank v. Gillespie, 137 U. S. 411, 11 S. Ct. 118, 34 L. Ed. 724; In re Ennis, 187 F. 720, 109 C. C. A. 468; Hatch v. Fourth Nat. Bank, 147 N. Y. 184, 41 N. E. 403; Meyers v. New York County National Bank, 36 App. Div. 482, 55 N. Y. S. 504.

The amended report of Judge Lacombe, therefore, is confirmed, and the petition dismissed.