## CITIZENS' & SOUTHERN BANK v. FAYRAM.

Circuit Court of Appeals, Fifth Circuit. October 28, 1927.

No. 5080.

Banks and banking ⊂⊃134(6)—Bank held not entitled to set off principal's money deposited against agent's unmatured note, where it extended no new credit because of deposit.

Where decedent's agent, who collected mortgage debt under instructions to pay proceeds to vice president of bank for another investment, deposited check collected and payable to himself as agent to credit of his company's account, and, on said agent's suicide, bank credited balance of the account on an unmatured note as authorized by note, without notice that check deposited did not belong to agent or to his company, *held* that, bank not having changed its position by extending credit after deposit was made, decedent's executrix was entitled to recover balance of deposit on hand when account was closed, which was less than amount of check.

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Suit by Frederick Fayram against the Citizens' & Southern Bank, in which Carrie Y. Fayram, as executrix of his estate, was substituted as plaintiff on his death. Decree for plaintiff, and defendant appeals. Affirmed.

Philip H. Alston, of Atlanta, Ga. (Alston, Alston, Foster & Moise, of Atlanta, Ga., on the brief), for appellant.

Cam D. Dorsey and Chas. B. Shelton, both of Atlanta, Ga. (Dorsey, Shelton & Dorsey, of Atlanta, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from a decree rejecting the appellant bank's claim of right to set off a deposit against the depositor's indebtedness to it, and holding appellant liable to appellee as beneficial owner of the balance of such deposit.

Frederick Fayram intrusted his agent, Ben. D. Watkins, to collect the amount due on a mortgage, with instructions to pay the proceeds to D. C. Erwin for another investment. In pursuance of these instructions, Watkins received a check, payable to himself as agent, for $3,608.06, in satisfaction of the mortgage; but he indorsed the check and deposited it to the credit of Ben. D. Watkins Company in the appellant bank. On December 18 Watkins committed suicide, at which time there remained on deposit to the credit of his company, out of the check he had collected for Fayram, a balance of $3,549.11. On December 22 appellant credited that balance on a note for $61,500, which had not matured, as it was authorized to do by the terms of the note. Erwin was a vice president of the bank, and expected that Watkins would collect the amount due on the mortgage and deliver the check received in payment to him, but he testified that he did not know that the mortgage had been paid until after the deposit of the Watkins Company had been set off against its indebtedness. He also testified that he was an officer in the trust department, and was not in the commercial department, of the bank. There is no evidence that contradicts Erwin's testimony, or shows that he was chargeable with such knowledge or notice as would bind the bank. No new credit was extended after the deposit in question was made. Some checks were honored, as is apparent from the fact that the amount of the deposit was reduced; but the bank did nothing that it would not have done if the deposit had not been made, and so did not change its position to its disadvantage. The decree of the court in favor of appellee is for the balance of the deposit on hand at the time the account was closed.

Appellee's right to recover against the Watkins Company is clear and undisputed. The question is whether the same right exists to recover the balance of the deposit as against the bank, where the bank, although it had no notice of appellee's equity, had not changed its position in reliance upon the deposit. In Fulton National Bank v. Hosier (C. C. A.) 295 F. 611, the same question was presented to this court, and the bank was held liable. That case was reversed by the Supreme Court, but on the ground that the district court was without jurisdiction. 267 U. S. 276, 45 S. Ct. 261, 69 L. Ed. 609. On the merits it follows the case of the Bank of the Metropolis v. New England Bank, 1 How. 234, 11 L. Ed. 115 and Id., 6 How. 212, 12 L. Ed. 409. That much is conceded, but it is argued, as it was in the Hosier Case, that the Bank of the Metropolis Case has been

impliedly overruled by the later cases of National Bank v. Ins. Co., 104 U. S. 54, 26 L. Ed. 693 and Union Stockyards Nat. Bank v. Gillespie, 137 U. S. 411, 11 S. Ct. 118, 34 L. Ed. 724, in each of which the bank was held liable on the ground that it had notice of the beneficial ownership of funds on deposit.

The second Bank of the Metropolis Case lays down three rules as to the liability of banks to beneficial owners of funds on deposit. Under the first rule, notice to the bank of the trust character of the funds is sufficient to defeat its claim of lien. Under the second rule, if without such notice the bank has changed its position to its injury after the making of the deposit, it is entitled to assert its lien. Under the third rule, if the bank has no such notice, and has not changed its position, it is not entitled to assert its lien. It is only in the absence of notice that the bank can rely upon either the second or the third rule. Under either of these three rules it becomes necessary to determine whether or not there was notice to the bank. If there was, that ends the inquiry, and there is no necessity to go further and determine whether or not the bank has changed its position to its injury.

We are therefore unable to agree to the argument that the Bank of the Metropolis Case has been impliedly overruled by the later decisions of the Supreme Court relied on by appellant. In each of those later cases, it having been decided that the bank had notice, the effect of lack of notice did not arise and was not considered.

The judgment is affirmed.