### In re CONVERSE–HOUGH & CO., Inc.

District Court, W. D. New York.   July 7, 1928.

**1. Bankruptcy** ⟜384—Court, signing confirmation of composition, loses jurisdiction, except to set aside composition.

With signing of order of confirmation of composition the bankruptcy court loses jurisdiction, and the only power left in it after signing confirmation order is to set aside the composition within six months on the grounds set forth in statute.

**2. Bankruptcy** ⟜11—Bankruptcy courts are courts of limited jurisdiction.

United States District Courts, bankruptcy courts under Bankruptcy Act (11 USCA), are courts of limited jurisdiction.

**3. Bankruptcy** ⟜438—On confirmation of composition title to property revests in bankrupt.

Under Bankruptcy Act (11 USCA), on confirmation of composition offered by bankrupt, title to his property thereupon revests in bankrupt.

**4. Bankruptcy** ⟜384—Bankruptcy court, confirming composition, held without jurisdiction to determine rights to composition fund.

Bankruptcy court, after confirmation of composition, *held* without jurisdiction to determine conflicting claims of right to participate in composition fund.

**5. Courts** ⟜264(1)—Federal court, assuming custody of property in course of suit, has ancillary jurisdiction to determine claims.

If a federal court in the progress of a suit has drawn property into its custody and control, third persons may be permitted to come into that court for the purpose of setting up, protecting, and enforcing claims to such property, though power to deal with such claims is inci-

dent to the jurisdiction acquired in the suit wherein impounding occurs; the matter being regarded as dependent or ancillary.

6. **Bankruptcy ⬤➞384—Bankruptcy court held without jurisdiction, after confirming composition agreement, to determine rights of bank to be subrogated to rights in composition fund.**

Where purchaser of stock negotiated loan from bank, to be secured by stock certificates when received, and gave bank check, which it was to deliver to broker, and received certificates, and where broker went into bankruptcy without delivering certificates, and thereafter effected composition with its creditors, which was confirmed, *held*, bankruptcy court, after confirmation of composition, did not have jurisdiction to determine rights of bank to be subrogated to rights of purchaser of stock in composition fund.

In Bankruptcy. In the matter of Converse-Hough & Co., Inc., bankrupt. On motion by the Union Trust Company of Rochester for an order to show cause as against H. W. Fincher. Motion denied.

Sutherland & Dwyer, of Rochester, N. Y., for petitioner.

Hubbell, Taylor, Goodwin & Moser, of Rochester, N. Y., for Fincher.

ADLER, District Judge. This is an order to show cause in the above-entitled bankruptcy proceeding. The order recites that there is no dispute between the trustee of the bankrupt and the petitioner, the Union Trust Company, but the question involved is the right of the petitioner to have paid to it a dividend directed by the order of distribution on composition in the said bankruptcy proceeding to be paid to one H. W. Fincher. The petitioner further asks that it be subrogated to the rights of Fincher to the dividend from the composition fund.

Fincher ordered from Converse-Hough, the bankrupt, which was a brokerage concern, 50 shares of General Motors new stock. He was notified that the stock was purchased and that he owed $6,250 for it. Fincher then went to the Union Trust Company, the petitioner herein, to borrow $4,500 on his collateral note. The bank agreed to accept as collateral the 50 shares of General Motors new stock that Fincher had ordered through Converse-Hough & Co.. Fincher then drew his check for $6,250, which he delivered to the bank, and instructed the bank to deliver the check to Converse-Hough & Co. and receive the stock. The bank delivered the check and received from Converse-Hough a duebill, in which it was stated that the certificate for the 50 shares of stock transferred to the name of Fincher would be delivered to

the bank as soon as received. The stock was never received. Shortly thereafter Converse-Hough went into bankruptcy and a receiver was appointed. The stock never came into the possession of the receiver. The bankrupt later made an offer in composition, which was accepted by its creditors, among them Fincher, who agreed to accept $4,716 on account of his claim against the bankrupt for the nondelivery of the 50 shares of stock. Fincher filed a claim in the bankruptcy proceeding. The petitioner on this motion, the Union Trust Company, filed no claim, and did not appear in any way in the bankruptcy proceeding.

On the day before the composition offer was approved by the referee, the petitioner herein, the Union Trust Company, together with counsel for the bankrupt and for Fincher, appeared before the referee on the return of an order to show cause, obtained at the instance of the petitioner. Upon this motion the bank asked to be subrogated to Fincher's rights in the proposed composition. The referee, upon the theory that there was no fund against which the proceeding might be directed, adjourned the motion to a date three days after the day upon which the composition offer was to be passed upon. The referee approved the composition offer, and upon the adjourned return day of the show cause order the referee dismissed the order, but directed the trustee and the bankrupt to refrain from paying out any sums to Fincher under the composition agreement until the bank had an opportunity to apply to the District Court for an order in the matter. The bank thereupon applied for this order.

[1] The question before this court is one of jurisdiction. It has been held several times in this circuit that, with the signing of the order of confirmation of the composition, the bankruptcy court loses jurisdiction, and the only power left in the bankruptcy court, after signing the confirmation order, is to set the composition aside within six months, upon the grounds set forth in the statute. In re Mirkus (C. C. A.) 289 F. 732; In re Hollins (C. C. A.) 238 F. 788; In re Eisenberg, 148 F. 325; In re Isidor Klein (C. C. A.) 22 F.(2d) 906.

[2, 3] The United States District Courts, created into bankruptcy courts by the Bankruptcy Act (11 USCA), are courts of limited jurisdiction. Under the Bankruptcy Act, upon the confirmation of a composition offer by a bankrupt, the title to his property thereupon revests in him. In re Hollins, supra; In re Frischknecht (C. C. A.) 223 F. 417.

[4] In this case, therefore, this court is without jurisdiction under the statutes which created it a bankruptcy court.

[5] If, however, in the progress of a suit in a federal court, property has been drawn into the court's custody and control, third persons may be permitted to come into that court for the purpose of setting up, protecting, and enforcing their claims. The court cannot consider such claims, unless it has the property in its possession. Power to deal with such claims is incident to the jurisdiction acquired in the suit wherein the impounding occurs, and the matter is then regarded as dependent or ancillary. Hoffman v. McClelland, 264 U. S. 552, 44 S. Ct. 407, 68 L. Ed. 845; Fulton Bank v. Hozier, 267 U. S. 276, 45 S. Ct. 261, 69 L. Ed. 609.

In the instant case, in order that this court might have jurisdiction, under the rule above stated, it must be found that there was actually in the possession of the court property or assets over which jurisdiction was acquired in the principal suit. Hoffman v. McClelland, supra. The subject of this controversy and the property upon which it is sought to impress a lien is a block of shares of stock, which was never in the possession of the bankrupt or his receiver. Nor does it appear that any part of the proceeds of this stock came into the hands of the receiver. No specific res or fund was at any time in the custody of the court, representing the claim in controversy. The most that can be said is that certain funds in the hands of the receiver, together with other funds contributed by the bankrupt and other persons, went to make up a fund which was the basis of the composition settlement. Out of that fund the creditor, Fincher, after filing his claim, agreed to accept a distributive share.

If the shares of stock ordered by Fincher had come into the possession of the bankrupt and its receiver, and they or the proceeds thereof had continued in the possession of the receiver, and before confirmation of the composition the receiver received notice of petitioner's claim, then the facts might be within the ruling of Judge Hand in Re Kalnitzsky (D. C.) 285 F. 649. In that case the court referred the petition to the referee to hear and report upon the relative claims of the petitioners, which were to specific property concededly in the control of the court.

In this case it is a question whether the fund over which there is a dispute between the bank and Fincher is in any sense under the control of the court. The court has in its hands a fund under the composition agreement, but as to that fund it is acting as agent of the bankrupt, to carry out his agreement with his creditors.

[6] I find that the fund which is the basis of the dividend in dispute in this case was not drawn into the possession of the court by the principal suit, and that this proceeding is not one that is dependent or ancillary, so as to give the court jurisdiction under the rule or doctrine stated by the Supreme Court in Fulton Bank v. Hozier, supra.

The motion is denied.