UNION GUARDIAN TRUST CO. et al. v. DETROIT TRUST CO. et al.

No. 6470.

Circuit Court of Appeals, Sixth Circuit.

June 7, 1934.

E. F. Hayes, of Detroit, Mich. (Bulkley, Ledyard, Dickinson & Wright and Harold R. Smith, all of Detroit, Mich., on the brief), for appellants.

W. B. Krag, of Detroit, Mich. (Miller, Canfield, Paddock & Stone, of Detroit, Mich., on the brief), for appellees.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

PER CURIAM.

The Detroit Trust Company and Carl R. Sprinkle were appointed receivers for the Durocher Company by the United States District Court for the Western District of Michigan. The Union Guardian Trust Company, as trustee for bondholders under a trust mortgage upon certain real estate and fixed assets of the company, filed a petition in the proceeding to obtain leave to prosecute to a conclusion a suit that it had previously commenced in the state court for foreclosure of the trust mortgage. Leave was granted on February 20, 1932. On October 22, 1932, the receivers deposited $30,000 with the trust company and received therefor interest-bearing certificates of deposit. On February 14, 1933, the trust company was closed under proclamation of the Governor of Michigan. A conservator was appointed on March 23d. In the meantime, on March 4th, upon petition of the receivers, the District Court had issued an order directing the trust company to show cause why it should not be required to pay the receivers the sum on deposit. The trust company appeared specially and moved to dismiss the petition for want of jurisdiction on the ground that it was not a party to the suit, had not been served with legal process, and was not a resident of the Western District of Michigan. The motion was denied and an order entered requiring the trust company to earmark the deposit and pay it to the receivers on demand. This appeal presents the question of the jurisdiction of the court to enter such an order.

The court had ancillary jurisdiction of suits brought by the receivers to recover property of or money owing to the Durocher Company. White v. Ewing, 159 U. S. 36, 39, 15 S. Ct. 1018, 40 L. Ed. 67. The petition of the receivers upon which the order here complained of was entered may be treated as an ancillary proceeding. There was jurisdiction of the subject-matter, but before an order to earmark or pay the deposit to the receivers could be issued, it was necessary that the court have jurisdiction of the party to whom the order was directed. Stewart v. Laberee (C. C. A.) 185 F. 471, 474. The trust company is a Michigan corporation, with its principal place of business in the Eastern District of Michigan, and therefore a resident of that district. Galveston, etc., Ry. Co. v. Gonzales, 151 U. S. 496, 14 S. Ct. 401, 38 L. Ed. 248. No summons or legal process was served on it in the Western District, and the service of the order to show cause in the Eastern District did not bring it into court. Barrett v. United States, 169 U. S. 218, 221, 18 S. Ct. 327, 42 L. Ed. 723.

The appellees contend that the trust company submitted to the jurisdiction of the court by accepting the deposit, and that it was not necessary to bring it before the court on legal process issued on the receivers' petition. We cannot assent to this view. The deposit was not a special but a general deposit. Keyes v. Paducah & I. R. Co., 61 F. (2d) 611, 86 A. L. R. 203 (6 C. C. A.). In accepting it the trust company did not enter its appearance in the receivership proceedings or assume any obligation to the court. It merely entered into a debtor-creditor relationship with the receivers. In permitting the receivers to enter into this relationship, the court parted with its control of the funds. To say in such a situation that the debtor submitted itself to the jurisdiction of the court would be going further than is justified by any decided case. Nor did the court acquire jurisdiction by reason of the filing of the petition for leave to prosecute the suit in the state court. By filing the petition the trust company submitted itself to the jurisdiction of the court in its capacity as trustee; but the order here complained of deals with it in its individual capacity, an entirely different capacity from that of its trusteeship. The deposit had no connection with the trusteeship, but was received by the trust company in its corporate capacity as a bank. The fact that it was a party to the receivership proceedings in its capacity as trustee did not give the court jurisdiction of it in its individual capacity as debtor to the receivers. Williams v. Jackson, 107 U. S. 478, 484, 2 S. Ct. 814, 27 L. Ed. 529.

The order is reversed, and the cause remanded.