## In re VOLLAND.

### STELZER et al. v. LANG et al.

### STELZER et al. v. SULLIVAN et al.

### Nos. 5628, 5573.

Circuit Court of Appeals, Seventh Circuit.
April 23, 1936.
Rehearing Denied June 4, 1936.

Donald P. Vail and Louis H. Kohn, Jr., both of Chicago, Ill., for appellants.

Charles H. Chapman, Joseph B. Fleming, Dudley F. Jessopp, Adrian L. Hoover, Philip A. Weinstein and Howard R. Brintlinger, all of Chicago, Ill., for appellees.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

EVANS, Circuit Judge.

Appellants have taken this appeal to review a decree of dismissal entered in the District Court. They have also petitioned the court for a writ of mandamus to compel the District Court to comply with the mandate of this court. The appeal and the petition were presented at the same time and will be disposed of in a single opinion. Some of the appellants have requested and secured permission to withdraw from the case, but that does not prevent the remainder from proceeding with the litigation.

On the previous hearing of this case, the decree of the District Court was reversed [In re Volland (C.C.A.) 69 F.(2d) 475], a mandate was duly issued, and later recalled and amended [In re Volland (C.C. A.) 71 F.(2d) 1022] so as to read as follows:

"It is now here ordered, adjudged and decreed by this Court that the order or decree of the said District Court in this cause appealed from be, and the same is hereby reversed, and that this cause be, and the same is hereby remanded to the said District Court with directions to make such persons or corporations parties defendant as may be necessary to the full and final disposition of the suit, and to determine the issues upon the evidence received upon the previous hearing by the Special Master, or upon such evidence thus received on the previous hearing and such further evidence as either party may offer and as the Court may receive."

The District Court attempted to follow the directions of this court and, in doing so, heard the application of the parties as to necessary parties defendant and directed that certain persons be made parties defendant. Without them the court could not determine the issue involved, which

was the restraint of the use of a building as a place where ice was manufactured. The property had been transferred. The original defendant, the bankrupt, had been discharged of its debts and the bankruptcy proceedings closed.

 The District Court found itself in a position where it could not proceed and dispose of the case without the presence of certain defendants not originally before it. As a Federal court it had no jurisdiction of the suit. When the bankruptcy proceedings were closed and the debtor discharged, the Federal court lost jurisdiction of a cause it might otherwise have tried. Appellants' cause of action is now one of which the state court has exclusive jurisdiction.

The petition for mandamus in No. 5573 is denied.

In appeal No. 5628, the decree is affirmed.