**OILS, Inc. v. BLANKENSHIP et al.**

**No. 2920.**

Circuit Court of Appeals, Tenth Circuit.

Oct. 25, 1944.

Writ of Certiorari Denied Jan. 29, 1945.

See 65 S.Ct. 562.

Hal Whitten, of Oklahoma City, Okl. (Whitten & Whitten, of Oklahoma City, Okl., on the brief), for appellant.

J. B. Dudley and Ram Morrison, both of Oklahoma City, Okl. (Dudley, Duvall & Dudley, of Oklahoma City, Okl., on the briefs), for appellees.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

On May 23, 1940, A. P. Hopler and seven other minority stockholders of the Farmers Mutual Royalty Syndicate, Inc.,[1] a corporation organized under the laws of Arizona, brought a stockholders' action against Farmers Mutual and its subsidiary, Oils, Inc.,[2] and National Bond & Mortgage Co., corporations organized under the laws of Oklahoma, Farmers Royalty Holding Company, a corporation organized under the laws of Delaware, and certain individual defendants in the United States District Court for the Western District of Oklahoma. It was numbered 461 Civil on the docket of that court. The action was brought for the benefit of Farmers Mutual and Oils. It sought the removal of the officers of Farmers Mutual and Oils, an accounting by such officers, and the recovery of money and properties obtained through fraud perpetrated by such officers upon Farmers Mutual and Oils. On January 24, 1942, the court appointed F. M. Petree re-

---

[1] Hereinafter referred to as Farmers Mutual.

[2] Hereinafter referred to as Oils.

ceiver of Farmers Mutual and Oils. On February 18, 1942, a judgment was entered in No. 461. It awarded money judgments in favor of Oils against four individual defendants and in favor of Farmers Mutual against eight individual defendants. It recited that it appeared from the evidence that there were certain instances where persons, not parties to the action, might be liable for the improper administration of the affairs of Farmers Mutual and Oils, and stated that the court "suggests to the Receiver that an investigation be made * * * and where justified that application be made to this court for permission to institute suit for proper relief." It also ordered "that the Court retain jurisdiction of this cause for the purpose of enforcing this Decree and the administration of the property by the receiver of the Farmers Mutual * * * and * * * Oils * * *; and for such accounting as will be necessary between the parties hereto, * * *".

On January 14, 1943, the instant action was brought by Farmers Mutual and Oils by their receiver, F. M. Petree, against G. T. Blankenship, Daisy O. Blankenship, E. S. Hansberger, M. E. Trapp, Dean M. Stacy, Harold F. Young, Lou Shepherd, Trapp & Blankenship, a copartnership composed of M. E. Trapp and G. T. Blankenship, National Bond & Mortgage Co., and Oil Royalties, Inc., Oklahoma corporations, Royalty Holding Co., Royalty Service Corp., Ltd., and Equal Royalty Co., Delaware corporations.

Only one of the defendants in the instant action, National Bond & Mortgage Co., was a defendant in No. 461.

Farmers Mutual and Oils were defendants in No. 461 and are plaintiffs in the instant action.

On January 18, 1943, an application was filed in No. 461 to terminate the receivership. On March 15, 1943, an order was entered in No. 461 which recited that the receiver was appointed for Farmers Mutual and Oils for the purpose of reorganizing the corporations and to operate and retain the properties of the corporations, pending reorganization; that the receiver had submitted his final report, which had been approved, and had been discharged. It ordered that the court retain jurisdiction in No. 461 and proceedings ancillary thereto for the purpose of enforcing and carrying into effect the orders, judgments, and de-

crees theretofore issued and filed in No. 461. It further ordered that all properties, assets, accounts, records, and equipment, of every kind and description, should be delivered to the respective boards of directors of Farmers Mutual and Oils, to be managed, operated, and controlled in accordance with the by-laws governing such corporations, with full powers of every kind and description of operation and management. It further ordered that the respective boards of directors of Farmers Mutual and Oils should make semiannual reports to the court.

On July 26, 1943, on application of the plaintiffs in the instant action, an order was entered permitting the action to be continued by Farmers Mutual and Oils, as plaintiffs, and eliminating the receiver as a party.

It was alleged in the complaint in the instant action that the purpose of the receivership was not to wind up the affairs of such corporations because of insolvency, but to take charge of the properties, assets, books and records of such corporations, to remove the officers and directors from control of such corporations, and to avoid mismanagement and wrongful dissipation of their assets.

In the instant case, Farmers Mutual and Oils alleged fraud on the part of the defendants and misappropriation by the defendants of funds and properties of Farmers Mutual and Oils. Farmers Mutual and Oils sought a judgment for an accounting and requiring the transfer and delivery to them of funds, properties, and assets belonging to them, and now in the possession of the defendants. Farmers Mutual prayed for money judgments against certain named individual defendants. Oils also prayed for money judgments against certain named individual defendants.

The trial court dismissed the instant action, without prejudice, for want of jurisdiction. Oils has appealed.

■ In the instant action, diversity of citizenship is not present, nor is any other ground of federal jurisdiction. If it is an independent action, the judgment of the trial court was correct. The trial court had jurisdiction of No. 461 and, if the instant action is ancillary to that suit, it had jurisdiction of the instant action, because jurisdiction of an ancillary suit or proceeding is referable to or dependent

on the jurisdiction of the court of the main or principal suit or proceeding.[3]

If the instant action is ancillary to the original action, No. 461, it is because the former falls within one of two categories of recognized ancillary jurisdiction: (1) A federal court, which has taken custody and control of property in a proceeding of which it has jurisdiction, has ancillary jurisdiction of a subordinate suit or proceeding affecting such property, even though the jurisdictional facts necessary to confer jurisdiction in an independent suit do not exist.[4] (2) A federal court, which has appointed a receiver in a proceeding of which it has jurisdiction, has jurisdiction to entertain a suit or proceeding to collect or recover assets.[5] But a controversy cannot be regarded as dependent or ancillary unless it has direct relation to property or assets actually or constructively drawn into the court's possession or control by the principal suit.[6]

The test of whether a suit is ancillary is whether it has direct relation to property or assets actually or constructively drawn into the court's possession or control by the principal suit.[7]

Here, the court on March 15, 1943, discharged the receiver and turned back to Farmers Mutual and Oils their respective corporate property and assets and restored the management and control of such corporations to their respective boards of directors and officers. By the reservation of jurisdiction the trial court did not retain, in any degree, custody or control of the properties and assets of such corporations.[8] At most, it retained jurisdiction to require the proper performance of their duties by the respective boards of directors. It follows that the trial court no longer had control and custody of the properties and assets of such corporations, and no longer retained ancillary jurisdiction over such properties and assets. After July 26, 1943, the instant action was no longer a suit by the receiver with respect to the properties and assets of such corporations, but was a suit by such corporations themselves. It then became an independent, and not an ancillary, proceeding.

When the main proceeding, upon which ancillary jurisdiction depends, has terminated, or the court has lost custody and control of properties and assets in the main proceeding, a suit with respect to such properties and assets is no longer ancillary to the main proceeding, and may not further rest upon the jurisdiction in the main proceeding.[9]

Affirmed.

[3] Eichel v. United States F. & G. Co., 245 U.S. 102, 104, 38 S.Ct. 47, 62 L.Ed. 177; Dewey v. West Fairmont Gas Coal Co., 123 U.S. 329, 333, 8 S.Ct. 148, 31 L. Ed. 179.

[4] Wabash R. Co. v. Adelbert College, 208 U.S. 38, 54, 28 S.Ct. 182, 52 L.Ed. 379; Morgan's Louisiana & Texas R. & S. S. Co. v. Texas Central R. Co., 137 U.S. 171, 201, 11 S.Ct. 61, 34 L.Ed. 625; Murphy v. John Hofman Co., 211 U.S. 562, 569, 29 S.Ct. 154, 53 L.Ed. 327; Hoffman v. McClelland, 264 U.S. 552, 558, 44 S.Ct. 407, 68 L.Ed. 845; Barnett v. Mayes, 10 Cir., 43 F.2d 521, 526–528.

[5] White v. Ewing, 159 U.S. 36, 38, 39, 15 S.Ct. 1018, 40 L.Ed. 67; Green-Boots Const. Co. v. Hays, 10 Cir., 56 F.2d 829, 830; Goldman v. Staten Island Nat. Bank & Trust Co., 2 Cir., 98 F.2d 496, 497; Union Guardian Trust Co. v. Detroit Trust Co., 6 Cir., 72 F.2d 120, 121; Rockwood v. Foshay, 8 Cir., 66 F.2d 625, 627.

[6] Fulton Nat. Bank of Atlanta v. Hozier, 267 U.S. 276, 280, 45 S.Ct. 261, 69 L.Ed. 609.

[7] Barnett v. Mayes, 10 Cir., 43 F.2d 521, 527; Hoffman v. McClelland, 264 U.S. 552, 558, 559, 44 S.Ct. 407, 68 L.Ed. 845.

[8] Cf. Central Union Trust Co. v. Anderson County, 268 U.S. 93, 96, 97, 45 S.Ct. 427, 69 L.Ed. 862; Wabash R. Co. v. Adelbert College, 208 U.S. 38, 54–57, 28 S.Ct. 182, 52 L.Ed. 379.

[9] Johnson v. Thomas, D.C.Tex., 16 F. Supp. 1019; In re Volland, 7 Cir., 83 F.2d 680, 681; In re Converse-Hough & Co., Inc., D.C.N.Y., 27 F.2d 368; Cabaniss v. Reco Min. Co., 5 Cir., 116 F. 318, 323.