sidered analysis of the same problem by a learned and experienced colleague.

The judgment will be reversed and the cause remanded for dismissal of the petition, without prejudice to any motion which the relator may elect to file in the District Court of the Virgin Islands under authority of Section 2255 of Title 28 of the United States Code.

**HUNT TOOL CO.  v.  MOORE, Inc.**

**No. 14489.**

United States Court of Appeals
Fifth Circuit.

May 6, 1954.

Alfred J. DeLange, C. M. Hudspeth, Eugene J. Pitman, Houston, Tex., for appellant.

Cooper K. Ragan, Jean M. Worsham, Houston, Tex., for appellee.

Before BORAH and RUSSELL, Circuit Judges, and DAWKINS, District Judge.

BORAH, Circuit Judge.

This is an appeal from a judgment of the lower court dismissing appellant's intervention for lack of jurisdiction.

On February 20, 1946, A. E. Boger, a citizen of Texas, filed suit in the United States District Court for the Eastern District of Texas against Moore, Inc., a Georgia corporation, (1) to recover an alleged interest in certain oil and gas leases and leasehold rights, (2) for the appointment of a receiver for defendant, (3) for an injunction against defendant's interference with plaintiff's management and control of the drilling of certain oil wells being drilled as a joint venture by plaintiff and defendant, and (4) to recover an indebtedness alleged to be due plaintiff under said joint venture agreement of not less than $55,000.

District Judge Bryant issued a temporary restraining order on February 20, 1946, but after a hearing on February 25, 1946, denied the application for a temporary injunction and refused to appoint a receiver, finding that the District Court of Newton County, Texas, in a suit by Moore, Inc., against A. E. Boger which had been filed on February 20, 1946, had, on that same day, appointed a receiver for Moore, Inc., and had taken possession of all the properties involved in this cause.

On April 11, 1946, appellant, Hunt Tool Company, obtained leave to intervene herein and filed its petition of intervention the following day alleging that it was a Texas corporation and that the defendants were: A. E. Boger and T. R. Boger, individually and as constituting a co-partnership doing business as Boger and Boger, citizens of Texas; A. A. Waitkus, a citizen of Texas; Wiley L. Moore, a citizen of Georgia; Robert Patton, a citizen of Texas; and Moore, Inc., a Georgia corporation. Appellant further alleged (a) a suit for debt for material furnished in the amount of $4,359.48 for which all the named defendants were claimed to be jointly and severally liable, (b) that appellant was entitled to a constitutional, statutory and contract lien on the leases described in exhibits annexed to the petition, and foreclosure of same, and (c) "That the title to and operation of the oil, gas, and mineral leases and the well above described are involved in this cause of which this Court has jurisdiction; that plaintiff in this cause seeks receivership of such property; that this cause involves the title to the aforesaid leases and the right to operate thereunder; that as aforesaid this intervener has liens on such leases, the oil well, and other items and properties hereinabove described and that its right will be seriously affected by the judgment rendered in this cause; that the intervention of this intervener is necessary for proper protection of its interest and the judgment and adjudication of rights of the parties, and this intervener is a necessary and proper party to this action."

On May 23, 1946, plaintiff filed an amended complaint against Moore, Inc., omitting any claim for injunction, receivership or claim of ownership in the leases and leasehold rights and instead claiming a lien on all the assets, leases and acreage held under lease by defendant and praying for a judgment fixing the indebtedness of defendant in an amount to include the $55,000; the impressing of a lien to secure payment of same; and that execution or order of sale issue thereon. On June 4, 1946, Moore, Inc., and Robert Patton moved to dismiss the intervention for want of jurisdiction. On March 10, 1947, on joint motion of plaintiff and defendant, alleging that they had settled their differences by consent judgment in the state court, Judge Bryant dismissed the suit of Boger against Moore, Inc., with prejudice at plaintiff's cost. Seventeen days thereafter he denied the motion of Moore, Inc., and Patton to dismiss the intervention, the order reading in part: " * * * and the intervention of Hunt Tool Company heretofore filed herein on the 11th day of April, 1946, be, and the same is permitted to remain on the docket of this court for further action in due course." Following the entry of this order Moore, Inc., and Patton answered the intervention, setting up the defense of lack of jurisdiction, failure to state a claim, a denial of the material facts in the petition of intervention and a cross-claim against the other defendants in intervention. On January 24, 1949, the in-

tervention came on for hearing after dismissal by intervener as to all parties except Moore, Inc. However, no decision was handed down and the only record of any action by the court was a notation on Judge Bryant's docket reading as follows: "1 24–49—Trial before the Ct. (*Wiley Moore not a party*) Dis. by Intervener vs. Boger & Boger, Waitkus & Robt. Patton. Jdgt. for Intervener Hunt Tool Co.".

Later, and after the death of Judge Bryant, Moore, Inc., filed another motion to dismiss for lack of jurisdiction, to which motion intervener filed an answer. Thereafter, Waitkus answered the cross-claim against him, pleading lack of jurisdiction as to both the intervention and the cross-claim, failure of the cross-claim to state a claim, and certain matters in bar thereof. These motions came on to be heard by Judge Sheehy who after hearing entered an order which in pertinent part reads as follows: "1. That no process was ever served on W. L. Moore, and on Motion of Hunt Tool Company on January 24th, 1949 the intervention of Hunt Tool Company was dismissed against A. E. Boger and T. R. Boger, A. A. Waitkus and Robert Patton and W. L. Moore; and such order is now entered nunc pro tunc as date of January 24th, 1949. 2. The Court sustains the pleas to the Jurisdiction hereinbefore referred to and dismisses this Intervention against Moore, Inc., the only remaining Defendant against whom said Intervention is pending. 3. And on account of the dismissal of such Intervention for want of jurisdiction all of cross claims among the Defendants are likewise dismissed for want of Jurisdiction." From that portion of the order which dismisses its intervention against Moore, Inc., Hunt Tool Company has appealed. Thus, the sole question presented on this appeal is whether the District Court had jurisdiction of the cause of action asserted by appellant against Moore, Inc.

Appellant contends that its intervention was one of right under Rule 24(a) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and ancillary to the main action; consequently no independent ground of jurisdiction was necessary, and the citizenship of the parties in such intervention was immaterial. In the alternative, appellant urges that its intervention was permissive under Rule 24(b) (2), a common question of law or fact being involved, and that the dismissal by the court, on intervener's motion, of the Texas defendants left the court with jurisdiction of the intervention even though the main action had been dismissed by the parties thereto.

Appellee on the other hand denies that the intervention was one of right under Rule 24(a) (3) on the ground that the District Court had no property in its custody or control at the time of the intervention. In any event, it is argued that the dismissal of the main action carried with it the intervention. Appellee further contends that the intervention was not a permissive one since it did not have questions of law or fact in common with those of the main action, but that, if it was permissive, independent grounds of jurisdiction were required and that here there was no diversity of citizenship as several of the defendants in said intervention were of the same citizenship as intervener.

When appellant intervened in the main action on April 12, 1946, Rule 24 read in part as follows:

"(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: * * * (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof.

"(b) *Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudica-

tion of the rights of the original parties."

■ At the time when appellant filed its intervention the trial court had no custody or control of any property, either actually or constructively, the distribution or other disposition of which would have adversely affected intervener. On the contrary, such custody or control was in the Texas State Court. The intervention therefore was not one of right under Rule 24(a) (3). For the same reason it was not ancillary to the main action. Fulton Nat. Bank of Atlanta v. Hozier, 267 U.S. 276, 280, 45 S.Ct. 261, 69 L.Ed. 609; Oils, Inc., v. Blankenship, 10 Cir., 145 F.2d 354; Johnson v. Riverland Levee District, 8 Cir., 117 F.2d 711, 134 A.L.R. 326; Kendrick v. Kendrick, 5 Cir., 16 F.2d 744.

■ Here it is plain that the main action and the intervention involved the same leases and leasehold rights, the same question of joint venture and responsibility thereunder, and both contained claims of interests in or liens against the same leases and leasehold rights. The intervention was therefore a permissive one under Rule 24(b) (2). Since the intervention was not ancillary to the main proceeding, it was therefore not affected by dismissal of such main demand. And by reason of the fact that the intervention was not ancillary to the main action and was not a class action, it needed independent grounds of jurisdiction to support it. Moore's Federal Practice, 2d Ed., Vol. 4, pp. 139, 145.

■ When the intervention was filed the requisite diversity of citizenship was not present since the intervener and several of the defendants which it named in the intervention were citizens of Texas. However, intervener voluntarily dismissed all defendants from the intervention save Moore, Inc., a Georgia corporation, and the requisite diversity then existed. This procedure was proper, it cured the jurisdictional defects, and the District Court undoubtedly had jurisdiction to hear the intervention since the defendants whom intervener dismissed

were not indispensable parties. Drumright v. Texas Sugarland Co., 5 Cir., 16 F.2d 657.

Accordingly, the judgment of the lower court dismissing the intervention for lack of jurisdiction is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.