In the Matter of the Application of ELIZABETH V. B. SLATTERY, Petitioner, for a Certiorari Order against THE BOARD OF ESTIMATE AND APPORTIONMENT OF THE CITY OF NEW YORK, Respondent.

First Department, February 14, 1936.

*Franklin Nevius* of counsel [*John F. Collins* and *Asa B. Kellogg* with him on the brief; *Nevius, Brett & Kellogg*, attorneys], for the petitioner.

*Henry J. Shields* of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel*, attorney], for the respondent.

GLENNON, J.   This certiorari proceeding was instituted to review a determination of the board of estimate and apportionment wherein an application for a pension was denied.

The petitioner is the widow of Col. John R. Slattery who, at the time of his death on September 23, 1932, was a member of the New York city employees' retirement system.   He was deputy chief engineer of the board of transportation and general manager of the New York City Independent Rapid Transit Railroad System.

It is asserted by the petitioner that at the opening of the Independent Subway System on the night of September 9, 1932, Colonel Slattery, in the performance of his duty, sustained the injuries which ultimately resulted in his death.   A claim for a pension was filed by her with the board of estimate and apportionment on October 5, 1932, pursuant to the provisions of section 1718 of the Greater New York Charter, the pertinent portion of which reads

as follows: " Upon the accidental death of a member before retirement, provided that evidence shall be submitted to the board of estimate and apportionment proving that the death of such member was the natural and proximate result of an accident sustained while a member and while in the performance of duty at some definite time and place and that such death was not the result of willful negligence on his part, his accumulated deductions shall be paid to his estate, or to such person as he has nominated or shall nominate by written designation, duly acknowledged and filed with the board of estimate and apportionment; and, upon application by or on behalf of the dependents of such deceased member, the board of estimate and apportionment shall grant a pension of one-half of the final compensation of such employee (a) to his widow, to continue during her widowhood; or (b) if there be no widow, or if the widow dies or re-marries before any child of such deceased member shall have attained the age of eighteen years, then to his child or children under said age."

On November 12, 1932, a representative of the board of estimate and apportionment wrote to the petitioner in part as follows:

" In connection with your claim for the Accidental Death Pension filed in this office on October 5, 1932, it appears that you have not filed a claim for an award under the Workmen's Compensation Law.

"As the Medical Board of the Retirement System will not consider the case until there has been a final decision by the State Department of Labor, I would suggest that you file a claim at once.

" The New York City Employees' Retirement System Act provides that payments required under the Workmen's Compensation Law be taken into consideration in determining the amount of pension due from the Retirement System."

Having been so advised, the petitioner thereupon made an application for workmen's compensation.

Two hearings were held before a referee of the State Industrial Board. The city, as the insurer, was a party to that proceeding and was represented throughout by the corporation counsel. It was the contention of the city that Colonel Slattery's death was not the result of an accident which had occurred in the performance of his duty. To sustain his position, the corporation counsel in charge called and examined four physicians. The petitioner, on the other hand, called three witnesses. After the testimony was completed, the Industrial Board rendered its decision in favor of the petitioner. Thereafter the corporation counsel made an application for a review, which was denied. Under date of May 24, 1933, the Board made its findings. The latter contained con-

clusions of fact, a ruling of law, an award and a decision. The cause of Colonel Slattery's death is well summed up in the conclusion of fact numbered 2, as follows:

" 2. On the 9th day of September, 1932, while the said John R. Slattery was engaged in the regular course of his employment and while working for his employer at the station on said subway located at 42d Street and Eighth Avenue in the City of New York, and while on a track platform thereat aiding in checking the inrushing crowd who were attempting to push through the barriers at the official opening of said railway system, in order to avoid a serious mishap, he was manhandled by the crowd and was pushed, jostled and crushed against an iron pillar, and as a result, in his efforts to extricate himself from the crowd he suffered a physical, psychic and mental strain associated with a great element of fear and trepidation. As a result of said accidental injuries John R. Slattery was caused to suffer a heart collapse, shock, pallor, cyanosis, dyspnea, weak pulse and a cardiac distress, all of which injuries, together with their resultant effects brought on a coronary thrombosis from which he died on September 23, 1932, his death being the natural and unavoidable result of the accident and injuries aforesaid and the consequences and effects naturally and unavoidably resulting therefrom.

" Prior to September 9, 1932, the day John R. Slattery sustained the accidental injuries hereinabove set forth, he was in excellent physical and mental condition and never complained of any pains or weakness."

The city of New York appealed to the Appellate Division, Third Department, from the findings, decision and award. Later, the decision was unanimously affirmed (240 App. Div. 933) and an order to that effect was entered. The petitioner thereafter renewed her application for a pension before the board of estimate and apportionment. In support of her claim she submitted documentary proof including the case on appeal and the order of affirmance of the Appellate Division. The board of estimate and apportionment took the position that it was not bound by the record, and upon the report of the medical board of the retirement system to the effect that death was not accidental, denied the application.

These facts present the question of law which we are called upon to decide, namely: Are the findings of the State Industrial Board, unanimously affirmed by the Appellate Division, Third Department, conclusive upon the city of New York under the principle of *res adjudicata?* We think they are. We are of the opinion that the adjudication as to the cause of death was binding upon the board of estimate and apportionment, and, as a consequence, the

*ex parte* statement or recommendation of the medical board should not have been considered. Our view was well summed up by the mayor who, during the course of the discussion upon the hearing before the board of estimate and apportionment, said in part: " The Mayor: What troubles me, gentlemen, is this: That the City of New York as an employer, is bound by the decision of the State Industrial Board, affirmed by the Appellate Division on a certain state of facts, and on that state of facts is paying an annuity, * * * a benefit to the beneficiary, and yet the same employer ignores that state of fact in an adjudication, or in deciding upon another right this beneficiary may have, and has decided on a matter of fact and not of law."

The corporation counsel argues that a determination against the city of New York in a workmen's compensation proceeding cannot be held conclusive against the New York city employees' retirement system since the latter was neither a party nor a privy to the original proceeding as affirmed by the Appellate Division. The difficulty with that argument is that the claim was presented not to the New York city retirement system but to the board of estimate and apportionment in accordance with the provisions of section 1718 of the charter. The pension is payable by the city of New York with moneys appropriated by the board of estimate and apportionment. The responsibility for payment based on an accidental death of an employee under section 1718 rests with the city of New York and not with the retirement system. The mere fact that the retirement system is the agency through which the payment is made does not alter the situation. The obligation is that of the city and not of the retirement system (Greater N. Y. Charter, § 1708). The duty to pay rests solely with the city.

Our conclusion is that the order of certiorari should be sustained, the determination of the board of estimate and apportionment annulled, with fifty dollars costs and disbursements to the petitioner, and the board directed to accept as final and conclusive the findings of the State Industrial Board, as affirmed by the Appellate Division, Third Department, and award a pension to the petitioner in accordance with the provisions of section 1718 of the charter.

MARTIN, P. J., and DORE, J., concur; TOWNLEY and UNTERMYER, JJ., dissent and vote to dismiss the order of certiorari and confirm the determination of the respondent.

TOWNLEY, J. (dissenting). I dissent on the following grounds: (1) The New York city employees' retirement system is a separate corporation and is not bound by the prior adjudication; (2) the board of estimate and apportionment of the city of New York as

respondent in this action is a party answering in the capacity of trustees of a separate corporation and its funds and not as an employer under the Workmen's Compensation Law; (3) the evidence presented to the respondent justified the finding that Colonel Slattery did not meet his death by accident; and (4) the funds out of which the pension is to be paid are funds of the New York city employees' retirement system (Greater N. Y. Charter, § 1707; Report on the Pension Funds of City of New York, vol. 3, pp. 15, 16).

The order of certiorari should be dismissed and the determination of the board of estimate and apportionment of the city of New York confirmed.

UNTERMYER, J., concurs.

Order of certiorari sustained, the determination of the respondent annulled, with fifty dollars costs and disbursements to the petitioner, and the respondent directed to accept as final and conclusive the findings of the State Industrial Board, as affirmed by the Appellate Division, Third Department, and award a pension to the petitioner in accordance with the provisions of section 1718 of the charter.