JOHNSON et al. v. THOMAS, Collector of Internal Revenue, et al.

No. 3671—927.

District Court, N. D. Texas, Dallas Division.

Nov. 11, 1936.

John A. Erhard, Asst. U. S. Atty., of Dallas, Tex., William McCraw, Atty. Gen., and W. J. Holt, Harry S. Pollard, and W. Madden Hill, Asst. Attys., Gen., for the motion.

J. Cleo Thompson and Edward C. Meek, both of Dallas, Tex., opposed.

Before HUTCHESON, Circuit Judge, and WEST and ATWELL, District Judges.

ATWELL, District Judge.

A few days before the assembly of the statutory court motions to dismiss were filed by Thomas, the Collector of Internal Revenue, the Railroad Commission, and the Attorney General. The first motion relates to the original bill as Thomas is not a party to the ancillary bill. That motion has been sustained by the District Judge. There is, therefore, no parent to support the child. The child made it necessary to assemble this court. The original bill falling, the receivership falls with it. When the receivership falls, the receiver has no functional rights such as are claimed in the ancillary bill.

The court holds the oil, by its receiver, on the strength of the original bill; if it is dismissed, there is no authority for longer holding the property. Ancillary means auxiliary, subordinate. Ancillary jurisdiction is exercised in supplemental proceedings to protect from interference, and to determine conflicting claims to assets within the court's administrative control. Venner v. Pennsylvania Steel Co. (D.C.) 250 F. 292, 296. When such control ceases by the finish of the original suit, the jurisdiction is at an end. Of what concern can it be to this court whether a tender is issued or whether the statute on proration protection is valid if it has no oil to be affected thereby? The main vine having succumbed, all of its branches are also withered. The case before us is not an original suit, but auxiliary and dependent to the main bill, which, having been dismissed, took the life out of this application. The support of the ancillary bill was the equity jurisdiction of the main bill. Cunningham v. City of Cleveland (C. C.A.) 98 F. 657, 660. If there is no jurisdiction, there is no support. Continental Trust Co. v. Toledo, St. L. & K. C. R. Co. (C.C.) 82 F. 642, 644. The res acquired under the original bill gave the ancillary jurisdiction to entertain the dependent bill seeking relief in respect to the res.

The whole controversy seems to be one in which complainants as sureties and Gentry as principal, joined by a receiver in a bill which had no standing in a court of equity, are seeking to require the Railroad Commission and the Attorney General to allow the sale and transportation into interstate commerce of a large quantity of oil, apparently produced in violation of the state proration regulations. It is suggested that certain of the statutes under which the commission is operating in the stay of such illegal commerce are unconstitutional and that they deprive the complainants of certain valuable rights as citizens. They direct their chief shafts at section 6066a of

Vernon's Annotated Civil Statutes of Texas, which is the basis for the tender regulations.

Even if that were considered as too drastic to be supported, there is no appropriate attack made upon it here. Melton v. Railroad Commission (D.C.) 10 F.Supp. 984; Panama Refining Co. v. Railroad Commission of Texas (D.C.) 16 F.Supp. 289, a three-judge decision of the Western District of Texas; Griswold v. President of United States (C.C.A.) 82 F.(2d) 922.

Besides, article 6049e, section 10, Vernon's Annotated Civil Statutes of Texas, is not complained of, and it denounces the purchase, acquisition, sale, transportation, refining, processing, or handling in any other way, the crude oil or petroleum or natural gas, produced in whole or in part in violation of any oil or gas conservation statute of the state, or of any rule, regulation, or order of the commission thereunder.

Again the complaint against the confiscation feature of the proration statute would not support, at this stage at any rate, a suit in equity in the national court. If and when confiscation proceedings are taken, there may be an adequate remedy at law.

The motion to dismiss the ancillary bill must be sustained.