DEVON KNITWEAR Co., INC., and Others, Plaintiffs, *v.* LOUIS LEVINSON, as President of Knitgoods Workers Union, Local 155, International Ladies' Garment Workers Union, Defendant.

Supreme Court, Special Term, New York County, April 8, 1940.

*Dreschler & Leff* [*Herbert Ferster, David Dreschler* and *Mortimer Horowitz* of counsel], for the plaintiffs.

*Elias Lieberman* [ *Nathaniel H. Janes* of counsel], for the defendant.

PECORA, J. This is a motion by plaintiffs, under rule 109 of the Rules of Civil Practice, to strike out the affirmative defense as insufficient in law. The particular question here arising is believed to be one of first impression.

The plaintiffs in this action against the defendant labor union seek, *inter alia*, a permanent injunction restraining the union and its members from picketing in the vicinity of their premises, and from doing other acts related to such picketing. The affirmative defense alleges that the union represents a majority of the employees of plaintiffs; that it has requested plaintiffs to bargain collectively with the union, pursuant to the provisions of the National Labor Relations Act (U. S. Code, tit. 29, §§ 151–166); and that plaintiffs have refused to do so, and have thereby been guilty of certain unfair labor practices proscribed by that act. Hence, avers the union, plaintiffs come into this court with unclean hands, and should be denied the equitable injunctive relief which they seek.

In support of their motion plaintiffs contend (1) that this court has no jurisdiction to hear that affirmative defense, and may not ascertain whether plaintiffs have committed an unfair labor practice, because the power to make such a determination has been exclusively vested by Congress in the National Labor Relations Board by paragraph (a) of section 10 of the act (U. S. Code, tit. 29, § 160, subd. [a]); (2) that the act has not created or conferred any private rights which may be asserted in the courts independent of action by the Board; and (3) that there is no allegation in the affirmative defense . that the defendant un'on has exhausted its remedies before the Board.

There seems to be no doubt that Congress has vested in the Board exclusive jurisdiction to prevent and to redress unfair labor

practices. (See National Labor Relations Act, § 10, subd. [a]; U. S. Code, tit. 29, § 160, subd. [a]; *Amalgamated Utility Workers* v. *Consolidated Edison Co., Inc.,* 308 U. S. 541; *Myers* v. *Bethlehem Shipbuilding Corp.,* 303 id. 41; *National Licorice Co.* v. *National Labor Relations Board,* 308 id. 535.) Indeed, the litigants in this action are in accord upon this proposition.

Plaintiffs, however, lose sight of the distinction that the union, in interposing its special defense, is not seeking affirmatively to prevent, or to obtain redress for, an unfair labor practice on the part of plaintiffs. Assuredly, relief of that nature could only be granted to the union by the Board. In this action, the union is merely pleading the equitable defense that plaintiffs come into this court with unclean hands because of their alleged violation of a statute which declares the public policy of the land with respect to employer-employee relationships; and that, accordingly, plaintiffs should be denied the equitable injunctive relief which they invoke and which, concededly, this court has the power to grant in the exercise of its discretion.

The rule is fundamental that a court of equity may deny relief to one who enters its portals with unclean hands. Under this principle injunctive relief has often been denied in cases involving a labor controversy. (See *Burickson* v. *Kleen Laundry Service, Inc.,* 242 App. Div. 701; *McGrath* v. *Norman,* 221 id. 804; *Adler & Sons Co.* v. *Maglio,* 200 Wis. 153; 228 N. W. 123.)

Let it be admitted that Congress, in enacting subdivision (a) of section 10 of the National Labor Relations Act (U. S. Code, tit. 29, § 160, subd. [a]), conferred exclusive jurisdiction upon the National Labor Relations Board " to prevent any person from engaging in any unfair labor practice affecting commerce." It did not, however, thereby deprive this court of its inherent power to inquire into the existence of any facts which would show that a person, seeking equitable relief from it, has been guilty of such conduct as would justify the court in denying such relief to him. A court of equity must grant or deny relief according to the facts and equitable considerations presented at the trial. Certainly in this case, where the plaintiffs are seeking the extraordinary equitable remedy of injunction, the defendant should be permitted to plead any facts which may constitute a basis for withholding such relief from plaintiffs. The special defense here pleaded alleges facts precisely of that nature. It is, therefore, legally sufficient. In hearing such defense, this court no more interferes with the exclusive jurisdiction of the National Labor Relations Board to prevent plaintiffs from engaging in any unfair labor practice, than it does with the jurisdiction of the criminal courts to determine the guilt or inno-

cence of a plaintiff against whom a defense of illegality is pleaded, where the facts showing such illegality would also establish the commission of a crime by such plaintiff. By way of further analogy to the situation here existing, reference may be made to the established right of our Municipal Court to take cognizance of equitable defenses, although it possesses no equity jurisdiction.

The motion is denied.