Frank Domanick and Others, on Behalf of Themselves and All Other Employees of Triboro Coach Corporation Similarly Situated, Respondents, v. Triboro Coach Corporation, Appellant, Impleaded with James V. McDermott, as President of Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America, Local Division 1104, Defendant. (Action No. 2.) *

First Department, May 31, 1940.

*Samuel Seabury*, for the appellant.

*Harry Sacher*, for the respondents.

Untermyer, J. The defendant Triboro Coach Corporation owns and operates bus lines for the transportation of passengers in the borough of Queens under a franchise from the city of New York. The Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America is a labor union affiliated with the American Federation of Labor. The Transport Workers Union of America is a rival labor organization affiliated with the Congress of Industrial Organizations.

---

* Revg. 173 Misc. 911.

On July 20, 1939, the Transport Workers Union filed a petition with the New York State Labor Relations Board alleging that a controversy existed concerning the proper agency to represent all the employees in the operating and maintenance divisions of the defendant Triboro and requesting the Board to investigate and to certify the name of the representative of such employees. A hearing was held in September, 1939, before a trial examiner designated by the Board, at the conclusion of which, on October 30, 1939, the Board directed that an election be held by secret ballot in order that such employees might select a representative for collective bargaining. At an election so held on November 24, 1939, the Transport Workers Union was declared elected as their representative by a majority of the employees and was certified as such by the Board on December 19, 1939. In the meantime, however, on November 14, 1939, Triboro had entered into a written contract with Local 1104, the local subordinate body of Amalgamated having jurisdiction over the employees of Triboro. This is said to have been in renewal of an earlier contract made in January, 1936, which by its terms expired in October, 1939.

After the State Labor Relations Board had certified the Transport Workers Union as the collective bargaining agency of the employees of Triboro, that union demanded that the employer specify a time and place for the negotiation of a collective contract on their behalf. To that demand Triboro replied that it would negotiate only concerning matters not included in its agreement of November 14, 1939, with Amalgamated. Thereupon the Transport Workers Union filed a complaint with the State Labor Relations Board charging Triboro with unfair labor practices in refusing to bargain collectively with the designated representative of its employees and charging, furthermore, that it had required its employees to refrain from joining the Transport Workers Union, the labor organization of their own selection. Accordingly, on February 17, 1940, the Board issued its complaint charging Triboro with unfair labor practices in violation of the State Labor Relations Act.*

Prior to the filing of these charges certain of the plaintiffs, employees of Triboro, commenced an action to restrain the defendants from enforcing those provisions of the contract of November 14, 1939, whereby Triboro agreed to employ only members of Amalgamated, and from discharging employees who were not members of Local 1104. A motion by the plaintiffs in that action for an injunction *pendente lite* and a cross-motion by the defendants to dismiss the complaint as insufficient in law resulted, on February 14, 1939, in a decision of the Special Term and a judgment entered thereon which

---

* Labor Law, art. 20.— [REP.

denied the plaintiffs' motion for an injunction and granted the defendants' motion to dismiss the complaint upon the ground that it failed to state a cause of action in that the right to secure relief from the State Labor Relations Board, if relief were warranted, constituted an adequate remedy and precluded recourse to the courts by an action in equity for an injunction.

The present action, maintained by the same plaintiffs, together with one additional employee, against the same defendants, seeks a similar injunction until the State Labor Relations Board shall determine the proceeding now pending before that body on the complaint of the Transport Workers Union.

The defendants now contend (1) that the present complaint does not state facts sufficient to constitute a cause of action, and (2) that there is an existing final judgment or decree of a court of competent jurisdiction rendered on the merits which determines the same cause of action between the parties. Our conclusion that the first of these contentions must be sustained renders it unnecessary to consider the second.

Regarding the present action as primary in character, we think the relief which the New York State Labor Relations Board has the power to afford to the plaintiffs constitutes their exclusive remedy, at least where the power of that Board has already been invoked. (*Myers* v. *Bethlehem Corporation,* 303 U. S. 41.) When that power has been invoked, no action in equity should be entertained which would disturb the subject-matter which is within the jurisdiction of the Board. To hold otherwise would not, as the plaintiffs contend, preserve the jurisdiction of the Board, but would deprive it of the opportunity to decide the issue which the plaintiffs through their representative, the Transport Workers Union, have themselves submitted to the Board. In order to succeed in this action it will be necessary for the plaintiffs to establish that, as they allege in their complaint, the defendants are guilty of unfair labor practices. However that issue might be decided by the court, it would be binding on the State Labor Relations Board (Cf. *Matter of Slattery,* 246 App. Div. 296; affd., 271 N. Y. 346), with the result that the Board would be deprived of jurisdiction which is expressly conferred by law. We need not now consider the more doubtful question whether the defendants could prevent the prosecution of the present action by the plaintiffs as tending to defeat the jurisdiction of the Board which had theretofore attached. (Cf. *Kline* v. *Burke Construction Co.,* 260 U. S. 226.)

The same conclusion follows if, as the plaintiffs suggest, we regard the present action as ancillary to the proceeding now pending before the State Labor Relations Board. Such an action can be maintained

to protect, not to defeat, the jurisdiction of the body which has the matter under consideration. Accordingly, it is the general rule that in order to maintain an ancillary action pending the determination of a primary proceeding there must exist a *res* which may be endangered by the acts sought to be enjoined. (*Kline* v. *Burke Construction Co., supra; Erhardt* v. *Board*, 113 U. S. 537, 538; *Krippendorf* v. *Hyde*, 110 id. 276; *Johnson* v. *Thomas*, 16 F. Supp. 1019; *Templeton* v. *Mason*, 107 Tenn. 625; 65 S. W. 25.) Since none of the acts stated in the complaint could affect the power of the State Labor Relations Board to render a decision which would constitute a complete adjudication of the rights of all the parties, no ancillary action to protect that jurisdiction can be maintained, no matter how great may be the personal inconvenience to the plaintiffs resulting from a temporary suspension of their earnings. Such an action cannot be made to serve the purpose of an injunction *pendente lite* where, as here, there is no *res* involved and the rights of the parties are strictly personal in character.

This conclusion is confirmed by the fact that, at least in contemplation of law, the plaintiffs can secure adequate relief in the proceeding now pending before the State Labor Relations Board even if the defendants should commit all the acts sought to be enjoined. If the defendant Triboro should discharge the plaintiffs pending the decision of the Board, they will be entitled not only to reinstatement but in a proper case to reimbursement for any loss of earnings and the right to vote in the election of representatives for collective bargaining. (State Labor Relations Act [Labor Law], §§ 705, 706.) As well might it be contended that an employer who has threatened unlawfully to discharge an employee with whom he has contracted for a specified term may be enjoined from doing so by means of an ancillary action on the theory that the remedy at law is inadequate or incomplete. Nor is it accurate to say that the purpose of the present action is to preserve the *status quo* except in the sense that the defendant Triboro would be constrained to continue to employ the plaintiffs and to pay their wages during the period that the rights of the parties are in dispute. An injunction which would have that effect is mandatory in character since it converts an employment at will into an employment of longer duration which would continue until the State Labor Relations Board has determined all the issues.

We think it is proper to observe that the effect of allowing such an action to be maintained would defeat the very purpose of the Legislature in establishing the State Labor Relations Board as the proper body to decide, in the first instance, precisely such controversies as exist here. For, if the action can be maintained by the

employee while a proceeding is pending before the State Labor Relations Board, then it may also be maintained by the employer, with the inevitable result that the Board would be divested of the jurisdiction which it was created to exercise.

The order should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted.

MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.