In the Matter of NEW YORK STATE LABOR RELATIONS BOARD, Petitioner, against HOLLAND LAUNDRY, INC., et al., Respondents.

Supreme Court, Special Term, Kings County, May 16, 1943.

*William E. Grady, Jr., Philip Feldblum* and *Daniel Kornblum* for petitioner.

*Charles Wilson* for respondents.

LOCKWOOD, J. The petitioner, New York State Labor Relations Board (hereinafter called the Board), moves, under article 20 of the Labor Law, for enforcement of its order, made pursuant to the provisions of that article.

The order, made in a proceeding initiated by a complaint filed by the Laundry Workers' Joint Board of Greater New York, affiliated with the Amalgamated Clothing Workers of America, CIO (hereinafter called the union), directs the respondents, Holland Laundry, Inc., and its officers: (a) to offer reinstatement of twenty-eight employees whom respondents had refused to reinstate because said employees had

joined and assisted the union and engaged in concerted activities for the purposes of collective bargaining and other mutual aid and protection; (b) to pay to said employees the wages they lost because of said discriminatory refusal to reinstate them; (c) to withdraw all recognition from the association, to disestablish the association, and to advise the members thereof that the individual contracts signed by them are disaffirmed and the employees released from any obligation thereunder; (d) on request, to bargain collectively with the union as the exclusive representative of the route salesmen, extra drivers and transfer drivers employed by respondents, with respect to rates of pay, wages, hours and other conditions of employment, and (e) to cease committing certain unfair labor practices.

The respondents make a cross motion to vacate the order.

The only question presented is whether the Board's determination is erroneous because of a prior adjudication made in an action in this court for an injunction in which respondents were plaintiffs, and some of the employees, who were also members of the union, and the union's " organizers," were defendants.

On August 19, 1937, the respondent corporation and an association of its employees (characterized by the Board as a " company union ") entered into a contract, expiring in 1942, involving wages, working conditions, et cetera (said by the Board to be a " Balleisen contract," condemned in *National Licorice Co.* v. *National Labor Relations Bd.*, 309 U. S. 350).

In 1939 the union was engaged in organizing respondent's employees, and in October of that year one of the union organizers demanded that respondents sign a contract, making the union the collective bargaining agent of respondent's employees and requiring a closed shop. Respondent refused on the ground that they already had a contract with an association of its employees and had no knowledge that the employees had selected the union as its new bargaining representative

The following day a strike was commenced, and eventually twenty-eight out of the forty-two route salesmen employed by respondents were out on strike. The strike was characterized by numerous acts of violence and lawlessness. At that time, respondents assert, they were unable to obtain any redress through the Board (*Matter of N. Y. State Labor Relations Bd.* v. *Nevins, Inc.*, 175 Misc. 88, 94) and that only by appeal to the Supreme Court could they preserve their rights and protect their property.

On November 22, 1939, respondents brought an action in the Supreme Court to enforce the covenant against strikes contained in the 1937 contract, and to enjoin the alleged violence, fraudulent representations and other lawless acts on the part of the strikers and the union organizers.

An application was made for a temporary injunction, in accordance with the provisions of section 876-a of the Civil Practice Act. The attorney for the union appeared, took complete charge of the defense, and tried the matter on behalf of the defendants.

After hearings on November 27, 28 and 29, 1939, findings were made by Mr. Justice WENZEL, fully sustaining the contentions of respondents, and the injunction sought was issued. The parties then stipulated that the proof at a trial for permanent injunction would be the same as that adduced on these hearings; that further findings and conclusions be waived, and that plaintiffs have a permanent injunction with the right of defendants to appeal.

An appeal was taken, but later withdrawn, upon delivery by respondents of general releases to the union, its officers and the individual defendants.

About a month thereafter the respondents were notified that the union had filed a complaint with the Board, charging respondents with unfair labor practices.

Respondents' counsel called the Board's attention to the adjudication in the injunction action and submitted copies of the pleadings, findings and judgment.

About a year later, and fourteen months after entry of the judgment in the injunction action, the Board issued a complaint against the respondents, charging them with continuing unfair labor practices, et cetera, and that respondents had failed to rehire the strikers.

Respondents then commenced an action against the union and the Board to restrain the adduction of any testimony before the Board as to the unfair labor practices charged, upon the ground that such matters had already been adjudicated by the Supreme Court. The union and the Board moved to dismiss the complaint as insufficient. Upon the argument, respondents' motion for leave to discontinue against the Board was granted, and the complaint was thereafter amended to make the individual defendants in the injunction action parties defendant. A motion to dismiss the amended complaint was granted without opinion and such determination affirmed by the Appellate Division, also without opinion. (*Holland Laundry, Inc.* v. *Simon*, 264 App. Div. 860.)

Respondents then appeared at the hearings before the Board, offered no testimony to refute that submitted by the union, did not cross-examine the union's witnesses, but contended that the issues involved were *res judicata,* and in support of such affirmative defense offered the order to show cause, affidavit, pleadings, testimony, findings, conclusions, defendants' proposed findings, stipulation and judgment in the injunction action. These exhibits, except the testimony, were admitted in evidence. Respondents contended also that the Board had no jurisdiction of the proceeding before it, because of the prior adjudication. They maintained a rather aloof attitude at the hearings, and did not participate in them, except to the extent of offering the exhibits above enumerated and arguing their contentions to the trial examiner.

The Board dismissed respondents' affirmative defense as insufficient in law, holding that the Supreme Court findings and judgment in the injunction action related only to picketing and did not bar the Board from determining that unfair labor practices had been committed, within the meaning of the New York State Labor Relations Act, and that the parties, the subject matter and the object of the Supreme Court action were different from those in the proceedings before the Board. The Board also referred to the fact that respondents' complaint was dismissed in the action brought to enjoin the union from giving testimony of respondents' alleged unfair labor practices before the Board, and that such dismissal was affirmed by the Appellate Division. The Board thereupon made the order now sought to be enforced.

On the hearings before the Board, there was adduced sufficient substantial evidence, uncontroverted by the respondents, to support the Board's findings and conclusions and the order made thereon.

The only question, therefore, is whether the adjudication by the Supreme Court in the injunction action prohibits the action taken by the Board in the proceeding initiated by the union's complaint.

Respondents contend that, in the injunction action, the defendants unsuccessfully urged and sought, but failed, to prove as a defense every one of the charges of unfair labor practices which the union later established before the Board.

In the injunction action, the court found that respondents did not engage in unfair labor practices, in that the contract of August 19, 1937, was proper and valid and not contrary to public policy, and that respondents at no time refused to bar-

gain collectively with the representatives of a majority of the employees. Obviously, such a finding was necessary before the issuance of the injunction under paragraph (a) of subdivision 1 of section 876-a of the Civil Practice Act (*Devon Knitwear Co.* v. *Levinson,* 173 Misc. 779), and the defendants in that action so contended.

It is now well settled, and no one here disputes, that sole jurisdiction *to prevent and to redress* unfair labor practices is vested in the Board. It is also undisputed that the Supreme Court has jurisdiction of an action to enjoin the breach of a contract not contrary to public policy, and to restrain the commission of violent and unlawful acts and irreparable injury to property.

From the fact that the Board has sole jurisdiction *to prevent and redress* unfair labor practices, it does not follow that the Board has sole jurisdiction to determine whether or not unfair labor practices existed in a particular case. If that were so, the Supreme Court would be divested of jurisdiction to entertain such accusations alleged as an equitable defense in an action brought by an employer against a union or striking employees for an injunction.

The Board contends that the prior adjudication is not binding on it because neither the Board nor the union was a party to that action; that the parties and subject matter are not the same; that the injunction action involved the assertion of private rights, whereas the proceeding before the Board is to vindicate a public right; that the testimony given at the injunction trial concerning the events and negotiations preceding and during the strike was not a charge of the commission of unfair labor practices, but was simply an equitable defense.

The Board also relies upon the dismissal of the complaint on motion in the action to restrain the union from giving evidence of unfair labor practices before the Board.

No opinion was rendered on that motion, either at Special Term or by the Appellate Division. But the only reasonable assumption that may be made, after a thorough consideration of the entire controversy, is that the dismissal was upon the ground that respondents' proper remedy was to raise the defense of *res judicata* in the proceeding before the Board, which contention was urged by the union on its motion. Proper procedure would require that the affirmative defense of former adjudication be interposed in the proceeding, rather than that the conduct of the proceeding be restrained. Furthermore, it would be difficult to determine whether the previous adjudica-

tion constituted a defense before the affirmative case was presented before the Board.

From an examination of the pleadings, findings, proposed findings and testimony in the injunction action, and, also, the testimony before the Board, together with its decision, the conclusion is inescapable that the Board predicated its findings of unfair labor practices upon the same transactions and events which were found by the Supreme Court not to constitute unfair labor practices.

Twenty-one of the witnesses who testified in support of the union's complaint before the Board were defendants in the injunction action, and four witnesses who testified in the injunction action also testified before the Board.

The subject matter of the injunction action and that of the proceeding before the Board appear identical. The testimony in the action and the testimony before the Board covered the same matters.

The Board is a quasi-judicial agency with authority to make decisions reviewable only in the courts. (*Metropolitan Life Ins. Co.* v. *Labor Relations Bd.,* 280 N. Y. 194, 208.) In determining a controversy properly before it, its status is that of a tribunal, not a party.

Therefore, the fact that the Board was not a party to the injunction action is irrelevant. The inquiry is whether the Board as a tribunal erred, as a matter of law, in dismissing respondents' affirmative defense of *res judicata.*

Respondents claim that the same questions were at issue in the injunction suit as in the proceedings before the Board, and both controversies were between the same parties or their privies (*Rudd* v. *Cornell,* 171 N. Y. 114) ; that the two controversies have such a measure of identity that a different determination in the second would destroy or impair rights of interests established by the first, notwithstanding mere differences of form between the one action and the other. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304.)

Respondents contend that the union, having enlisted as its members several of respondents' employees, demanded that respondents recognize the union as sole bargaining agent and enter into a closed-shop contract with it. When respondents refused, claiming they had a valid contract with their employees, the union called a strike, which was actively prosecuted by those employees of respondents who had joined the union, and the union's " general organizer " and his " assistant;" neither of whom had been employed by respondents; that the injunction

action was brought against the striking union members and the union's organizers, and was defended by the union through its attorney. Following the adjudication that the 1937 contract was valid and not contrary to public policy, and that the respondents did not refuse to bargain collectively with the representatives of their employees, the union's attorney filed a notice of appeal. The union's officers and its attorney then conferred with respondents and their attorneys and the appeal was finally discontinued upon respondents' general release of not only the individual defendants, but also of the union officers and organizers.

Respondents contend further that the union was a party in interest in the injunction action, and that the individual defendants acted as the union's members and agents and in furtherance of its interests, throughout all the events leading up to and involved in the injunction action, and upon which the Board's complaint was predicated; that the strike was called and directed by the union and it conducted and completely controlled the defense, the appeal and the discontinuance thereof.

Respondents' position is that the Supreme Court has made an adjudication that the acts and conduct of respondents were not unfair labor practices and the Board may not reverse this determination. In support of their contention, respondents cite *Domanick* v. *Triboro Coach Corp.* (259 App. Div. 657), which involved a dispute between rival unions as to which represented defendant's employees. Certain of the employees sought an injunction pending proceedings already initiated before the Labor Board, charging the employer with unfair labor practices. The court held (p. 659) that the relief which the Board " has the power to afford to the plaintiffs constitutes their exclusive remedy, at least where the power of that Board has already been invoked."

The court there continued: " When that power has been invoked, no action in equity should be entertained which would disturb the subject-matter which is within the jurisdiction of the Board. To hold otherwise would not, as the plaintiffs contend, preserve the jurisdiction of the Board, but would deprive it of the opportunity to decide the issue which the plaintiffs through their representative, the Transport Workers Union, have themselves submitted to the Board. In order to succeed in this action it will be necessary for the plaintiffs to establish that, as they allege in their complaint, the defendants are guilty of unfair labor practices. *However that issue might be decided by the court, it would be binding on the State Labor Relations*

*Board* (Cf. *Matter of Slattery,* 246 App. Div. 296, affd., 271 N. Y. 346), *with the result that the Board would be deprived of jurisdiction which is expressly conferred by law."* (Italics supplied.)

Respondents argue that the Board may not make a determination directly contrary to that made by the Supreme Court, even though the form of the contract of August 19, 1937, was condemned in *National Licorice Co.* v. *National Labor Relations Bd.* (309 U. S. 350, *supra*), since that case was decided by the United States Supreme Court on March 4, 1940, long after the determination in the injunction suit; that the contract here involved was not contrary to public policy; that the respondents did not refuse to bargain collectively with the representatives of a majority of the employees, and that the correctness of this determination may not be questioned now, because if there were any error it should have been corrected by direct review. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304, *supra.*) Respondents point out that after the agreement by the individual defendants, the union and its officers, to discontinue the appeal from the judgment in the injunction action upon delivery of general releases to them, the respondents believed, justifiably, that the controversy was finally determined and that their rights had been fixed, but nearly three years later such rights were completely swept away by the Board's order commanding respondents to reinstate the twenty-eight striking employees and to pay them their wages accrued in the meantime, to withdraw all recognition from the association of their employees, with which the respondents have another contract now in force, and to bargain collectively with the union.

Respondents argue that the granting of this application to enforce the Board's order would require this court to vitalize a determination directly contrary to the adjudication heretofore made by another justice of this court in the same controversy and would enact " the unseemly spectacle of inconsistent judgments rendered by the same court ". (*Steinbach* v. *Prudential Ins. Co.,* 172 N. Y. 471, 477; *Boston & Maine R. R.* v. *Delaware & Hudson Co.,* 238 App. Div. 191, 196.)

The extensive and forceful arguments of respondents' attorneys have been fully considered, but the defect in their position is that the allegations here relied upon to establish the defense of *res judicata* do not appear in the record before the Board. Respondents' contentions, above outlined, appear in the affidavits and briefs submitted by respondents in this application.

In reviewing the determination of the Board, the only inquiry

this court may make is whether such determination is justified by the record before the Board. No additional or extraneous matters may be considered. (Labor Law, § 707; *Matter of N. Y. State Labor Relations Bd.* v. *Timen*, 264 App. Div. 120; *Stork Restaurant, Inc.,* v. *Boland*, 282 N. Y. 256; *National Labor Relations Bd.* v. *P. Lorillard Co.*, 314 U. S. 512.) Respondents had ample opportunity to offer such evidence as they thought necessary to establish their plea of *res judicata* before the Board. They offered only the exhibits above mentioned. Such exhibits do not show that the union was a party in interest in the injunction action or that it conducted and controlled the litigation. Mere assumption or suspicion that such was the case is no substitute for adequate proof in the record.

There is no doubt that the union was interested in the outcome of the injunction action and that the subject matter of that action and of the proceeding before the Board were the same. But the record before the Board is barren of any proof that the parties in the two litigations were the same or in privity.

Since respondents failed to establish their plea of *res judicata* in the proceeding before the Board, the Board properly dismissed such defense.

Accordingly, the application to enforce the order is granted and respondents' cross motion is denied.

Settle order.

(On reargument, July 19, 1943.)

LOCKWOOD, J. Petitioner moves to resettle the enforcement order so as to direct its provisions not only against the corporate employer, but also against " its officers, agents, successors, and assigns," and the individual respondents, who are officers and directors of the corporation.

This motion is granted to the extent that the order shall be directed against the respondent corporation, its successors and assigns; otherwise denied. The corporation here is the employer, not the directors and officers of the corporation. There is no reason why the order should be directed against the individuals who were directors or officers of the corporation at the time of the strike. If the corporation fails to obey the order, proceedings may be taken to compel enforcement against those now in control of the corporation.

Respondents move for reargument and for leave to submit further testimony before the petitioner, New York State Labor Relations Board.

The situation here bears no resemblance to that in *National Labor Relations Bd.* v. *Virginia Elec. & Power Co.* (314 U. S.

469) where the court remanded the cause for further proof because it was not sufficiently certain from the findings of the Board that the latter based its conclusions with regard to unfair labor practices upon the whole course of conduct of the employer or chiefly upon the issuance of a bulletin and the making of certain speeches, the adequacy of which the court regarded as doubtful.

Respondents' motion is denied.

Settle order on notice.