In the Matter of NEW YORK STATE LABOR RELATIONS BOARD, Respondent, against HOLLAND LAUNDRY, INC., et al., Appellants, and GEORGE L. MILLER, Respondent.— Upon an application by petitioner for enforcement of an order and amended order made by it, three orders of the Supreme Court were made from which appeals have been taken. Appeal from order dated June 2, 1943, granting application of petitioner and denying cross motion of appellants to vacate and set aside the orders of petitioner, dismissed, without costs. Order dated August 4, 1943, denying motion of appellants for reargument and for leave to submit other and further testimony before petitioner, unanimously affirmed, without costs. Order dated August 4, 1943, resettling order dated June 2, 1943, reversed on the law, with costs, motion of petitioner denied, and motion of appellants to vacate and set aside the order and amended order of petitioner granted, without costs. The findings of fact and conclusions of law of petitioner are vacated. In an injunction suit instituted by appellants against twenty-nine of its striking route salesmen, a temporary injunction was granted, after a hearing at which proof was adduced by both parties, upon findings of fact and conclusions of law to the effect that a contract, existent at the time of the strike, was valid and binding and had been freely negotiated and entered into by defendants, without domination or interference by the employer, that the employer had at no time interfered with defendants in the exercise of rights granted by section 703 of the Labor Law, that the strike constituted a breach of contract and that defendants had been guilty of violence. On stipulation of the parties, a so-called permanent injunction was made on December 8, 1939. On such facts, the defendants in that action would not be entitled to reinstatement. (*Labor Board* v. *Mackay Co.,* 304 U. S. 333, 345, 346; *Labor Board* v. *Fansteel Corp.,* 306 U. S. 240, 255; *Hazel-Atlas Glass Co.* v. *National*

*Labor Relations Bd.*, 127 F. 2d 109, 118; *Wilson & Co.* v. *National Labor Relations Board*, 120 F. 2d 913, 919; *National Labor Relations Bd.* v. *Carlisle Lumber Co.*, 99 F. 2d 533, 537.) In a subsequent proceeding before petitioner, instituted upon a charge filed by a union on February 16, 1940, petitioner, after hearings in which appellants did not participate other than to interpose a defense of *res judicata*, made findings and conclusions which are directly contrary to those above referred to, held the appellants to have been guilty of unfair labor practices, and directed the reinstatement, with back pay, of the employees who were the very defendants in the injunction suit. The issue, and even the proof, were identical. Under such circumstances, the defense of *res judicata* must be sustained. The only issue is whether petitioner was bound by the conclusiveness of the prior adjudication. It is immaterial whether or not the union was so bound. It was not a party either to the injunction suit or the proceeding before the petitioner. (*Nat. Licorice Co.* v. *Labor Board*, 309 U. S. 350, 362; *Labor Board* v. *I. & M. Electric Co.*, 318 U. S. 9, 17; *Amalgamated Workers* v. *Edison Co.*, 309 U. S. 261; *National Labor Relations Board* v. *Prettyman*, 117 F. 2d 786, 792.) In any event, any standing of the union was derived as representative of the defendants in the injunction suit, with whom, therefore, it was in privity, and the proof before petitioner was sufficient to show that the union had controlled the defense in that action. (*Fish* v. *Vanderlip*, 218 N. Y. 29, 36.) The court in making its determination in the injunction suit did so in the public interest in the same sense and to the same extent that motivated petitioner in arriving at its determination. Section 876-a of the Civil Practice Act, pursuant to which the court proceeded, and article 20 of the Labor Law, pursuant to which petitioner proceeded are *in pari materia* and both have similar aims. (*Jewish Hospital of Brooklyn* v. *"John Doe"*, 252 App. Div. 581, 586.) In the injunction suit, the court was required to find as conditions precedent, pursuant to such statute enacted in the public interest, that plaintiff had pleaded and proved compliance with all obligations imposed by law and that a breach of a contract not contrary to public policy had been threatened or committed. The determination of the court was material and necessary and binding upon petitioner, for the public, in a real sense, was a party to both proceedings. (*United Baking Co.* v. *Bakery & Conf. Workers' Union*, 257 App. Div. 501; *Domanick* v. *Triboro Coach Corp.*, 259 App. Div. 657; *George H. Lee Co.* v. *Federal Trade Commission*, 113 F. 2d 583.) Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.