WILLIAM BEAZER, Plaintiff, *v.* DORA BLUTTAL et al., Defendants.

Supreme Court, Special Term, New York County, March 2, 1946.

*Buitenkant & Cohen* for plaintiff.

*Lewis Nadel* for Dora Bluttal, defendant.

*William E. Grady, Jr.,* for New York State Labor Relations Board, defendant.

STEUER, J.   There are two actions nearly identical as to facts and identical as to principle.  The facts stated are common to both actions.  The plaintiff is a superintendent in a multiple dwelling owned by the defendant.  He is the only employee in the building.  As part of his compensation he receives an apartment rent free.  He recently joined the Building Service Trades Union and was more recently discharged by defendant.  He claims that his discharge was due to his joining the union; the defendant claims it was occasioned by neglect of his duties.  A proceeding has been instituted before the State Labor Relations Board by the union on his behalf and is presently pending there. Defendant has brought an action or contemplates an action (it is not quite clear from the papers what stage has been reached) to evict him from the apartment he occupies.  He brings this action to enjoin any such step.  He moves for a temporary injunction.  Defendant cross-moves to dismiss the complaint.

Where a labor proceeding has been initiated before the State Labor Relations Board the Supreme Court may not interfere until it is called upon to confirm the determination of the board

at which time it will make such disposition as the circumstances call for (*Matter of Wallach's, Inc.*, v. *Boland*, 253 App. Div. 371). To maintain an employee in his position while such a proceeding was pending would be to prejudge the matter before the board (*Domanick* v. *Triboro Coach Corp.*, 259 App. Div. 657). Here, the apartment is an incident of plaintiff's salary, itself an incident of his employment. If the court could interfere to maintain him in his apartment it could interfere to maintain him in his position. This it cannot do without violating the intent of the statute.

The motions are denied and the cross motions granted.